————o————

FRANK P. HEARNE, *et al.*, Respondents, *vs.* THE CHILLICOTHE and BRUNSWICK RAILROAD COMPANY, *et al.*, Appellants.

1. *Mechanic's liens—Person contracting with President of Railroad Company an original contractor.*—A party furnishing material to a Railroad Company under a contract with its President is an "original contractor" within the meaning of the mechanic's lien law. In such case the contracts of the President are those of the company.

*Appeal from Livingston Circuit Court.*

*Broadus & Pollard*, for Appellants.

*L. T. Collier*, for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This was an action under the Mechanic's Lien Law.

The plaintiffs allege, that they were original contractors to furnish materials to the Chillicothe and Brunswick Railroad Company for their freight and passenger depots in the City of Chillicothe, and did furnish such materials to the amount of $817.55, which were used in said buildings, and for which they filed a lien.

The answer of the defendants was a general denial of the allegations of the petition.

The plaintiffs gave evidence conducing to prove their account and lien. The evidence was to the effect, that the president, on behalf of the defendants, contracted with plaintiffs for the lumber for the depots, and that it was used in the erection of the depots.

The case was submitted to the court, and a judgment was rendered for the plaintiffs.

The defendants filed a motion for a new trial, which was overruled, and they have appealed to this court.

The point made here by the appellants is, that the plaintiffs were not original contractors, and had only four, and not six months, in which to bring their suit. No such question is raised by the pleadings. The answer denies, that the plaintiffs were original contractors, but does not set up the statute of limitations.

If, however, they had pleaded the four months, statute, it would have availed nothing in this case, for it is manifest that the plaintiffs were original contractors. The lumber was furnished under a contract with the company itself. It is true the president of the company transacted the business, but he was acting for, and on behalf of the company, and his contracts and acts were those of the company. A contract with the president was a contract with the company.

Under this view, the plaintiffs were original contractors, and had six months in which to bring their suit. We see no error in the record. Judgment affirmed.

Judges Vories and Sherwood concur; Judges Napton and Wagner absent.