H. S. Matthews v. Wagenhaeuser Brewing Association et al.

No. 3139.

1. **Original Contractor—Materialman's Lien.**—One contracting directly with the owner of the building to be repaired or erected, to furnish lumber to be used in such building from time to time as needed, is an *original contractor* within the statute, and is given four months from the accrual of the indebtedness within which to file his lien.

2. **Accrual of Indebtedness.**—Where lumber is furnished on a contract, to be used in repairs upon a building, to be delivered from time to time, the indebtedness for such lumber should be considered as having accrued upon the last delivery, and the four months limitation allowed within which lien can be fixed counted from such last delivery.

Appeal from Dallas. Tried below before Hon. R. E. Burke.

The opinion states the case.

*Ed. Gray*, for appellant.—An original contractor furnishing material for improving or building a house has a statutory lien on same and the lot superior to all others, upon complying with the act giving same within four months from date of accrual of his demand. Sayles' Civ. Stats., arts. 3164, 3165, 3178a.

No brief for appellee reached the Reporter.

Fisher, Judge, *Section B.*—This suit was instituted in the District Court of Dallas County by appellant against the Wagenhaeuser Brewing Association and the Dallas Brewing Company. Appellant seeks

to recover against the Wagenhaeuser Brewing Association judgment for the sum of $163.35, for lumber furnished and delivered, and against both defendants foreclosing a materialman's lien on the building and grounds of the Dallas Brewing Company. The petition in substance alleges, that appellant sold and delivered to the Wagenhaeuser Brewing Association lumber as stated in an account attached to the petition, which shows that the lumber was sold and delivered at various times between August and October, 1885; that the lumber was used in improving the property of the association; that the brewing association agreed to pay for the lumber January 1, 1886; that February 12, 1886, appellant as an original contractor properly filed and fixed his lien on the building and grounds described in the petition; that the amount due for the lumber has never been paid; that the Dallas Brewing Company is asserting some pretended claim to the property.

The Wagenhaeuser Brewing Association filed a general demurrer and general denial. The Dallas Brewing Company for answer presented a general denial, and asserted that no lien existed as claimed by plaintiff on the property; that it was an innocent purchaser of the property for value without notice of any lien.

The court rendered judgment in favor of appellant against the Wagenhaeuser Brewing Association for the sum of $207.15, amount of debt and interest, and refused to foreclose the lien asserted by appellant on the property.

Appellant appeals from the judgment of the court refusing to foreclose the lien.

It appears from the evidence in the record, that the Wagenhaeuser Brewing Association, through its president, and the appellant entered into an arrangement, wherein it was agreed that appellant (who was then a lumber dealer) would sell and deliver lumber to the Wagenhaeuser Brewing Association, from time to time as it requested, and that the lumber should be paid for by the association on the 1st day of January, 1886. This agreement it seems was entered into in August, 1885. Under this contract lumber was sold and delivered to the Wagenhaeuser Brewing Association at different times between August 8 and October 15, 1885. From the account it appears that the last sale and delivery of lumber was made on the 15th of October, 1885. The lumber so sold and delivered was used in repairing and improving the property upon which the lien is claimed. It also appears that on the 12th day of February, 1886, the appellant as an original contractor fixed and filed his lien within the terms of the law.

The refusal of the court to foreclose the lien asserted by appellant is the only question before us.

The refusal of the court to foreclose the lien was for the reason, as we gather it from the record, that it did not consider that the appellant was an original contractor within the meaning of the law, conse-

quently he did not have four months from the accrual of the indebtedness in which to fix and file his lien, but that it should have been filed within thirty days from the time the indebtedness accrued.   The article of the statute relating to this subject reads: "In order to fix and record the lien herein provided for, it shall be the duty of any original contractor, within four months, and any journeyman, day laborer, or other person seeking to obtain the benefit of the provisions of this article, within thirty days after the indebtedness shall have accrued, to file his or their contract," etc.   Sayles' Civ. Stats., art. 3165.   There was no middleman or contractor intervening between the appellant and the Wagenhaeuser Brewing Association.   The contract was entered into directly between the appellant, the party furnishing the material, and the Wagenhaeuser Brewing Association, the owner of the property. Under this state of facts, we do not see what position the appellant would occupy other than that of an original contractor.   We think it clear that he was an original contractor within the meaning of the law, and entitled to four months from the accrual of the indebtedness in which to file his lien.   Phil. Mech. Liens, sec. 40; Hearne v. Railway, 53 Mo., 325; Bank v. Dashiell, 25 Gratt. (Va.), 616; Planing Mill Co. v. Graves, 72 Wis., 275.   In order to ascertain the time when the four months commenced to run in which appellant should have filed his lien, we are to determine when the indebtedness accrued.   This indebtedness resulted from a contract to furnish lumber from time to time as the Wagenhaeuser Brewing Association should demand it. The amount of lumber and the times it would be required by the association were not fixed by the terms of the contract.   The parties not knowing what amount would be needed or required, these matters were necessarily left uncertain.   It was evidently contemplated that the amount of indebtedness would be ascertained when the account was closed by a final delivery of the last amount that was purchased, and the contract contemplated that the last purchase and delivery should be sometime prior to January 1, 1886, that being the day agreed upon for payment.   We think the indebtedness accrued at the time of the sale and delivery of the last item of lumber, which appears to have been made either October 13 or 15, 1885.

The elements of uncertainty in the quantity of lumber to be sold and the time that delivery should be completed under the contract, make this case, as to the question of the accrual of the indebtedness, akin to those cases of personal service under a contract where no definite time is agreed upon for completion of the work or end of the labor.   In such cases limitation commences to run from the time of the completion of the work or labor.   We think the lien was filed in time.   We do not feel called upon to dispose of that branch of the case in which appellee claims that it acquired the land under circumstances that constitute it an innocent purchaser by virtue of a purchase under

a prior mortgage on the property. It does not appear that appellee, or those under whom it claims, paid anything of value for the property. The rights of the appellee in this respect will no doubt be presented on another trial. The evidence is not as full as we apprehend it will be on another trial upon the question as to an express or implied understanding between the parties at the time the lumber was furnished or contract made, that the lumber was intended to be used in the repair or improvement of a building or some improvements owned by the Wagenhaeuser Brewing Association. In other words, the burden rests upon the appellant to show, either by an express or implied agreement or understanding at the time the contract was made or lumber sold and delivered, that it was to be used in the erection or repair of some building or improvement. This may be shown by an express agreement to that effect, or by facts and circumstances that would raise a reasonable implication of the existence of such understanding. We suppose this will be done on another trial.

We conclude the case should be reversed, and so report it.

*Reversed and remanded.*