### NIGGLI et al. v. SPEEGLE et al.   (No. 7533.)*

(Court of Civil Appeals of Texas. San Antonio. Jan. 6, 1926. Rehearing Denied Feb. 3, 1926.)

1. **Appeal and error ⬅781(4)—Moot case not considered further for purpose of determining what rights of party were in controversy.**

Where, at time of defendant's motion to dissolve temporary injunction restraining it from interfering with complainant's moving of houses, houses had all been moved, case had become moot, and court would not, therefore, further entertain appeal from overruling of such motion to determine what rights of parties were in controversy.

2. **Appeal and error ⬅1176(6)—Where case has become moot, appellate court will dismiss case both from appellate and trial court.**

Where a case has become moot, appellate court will not merely dismiss appeal, but will

dismiss case both from appellate and trial courts; such dismissal vacating the judgment of the trial court, leaving unprejudiced right of parties to pursue remedies thereafter without reference to such proceeding.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Bill for an injunction by W. B. Speegle and others against Gus F. Niggli and others. From an order overruling defendant's motion to dissolve a temporary injunction, defendants appeal. Cause dismissed.

Joseph Ryan and T. D. Cobbs, Jr., both of San Antonio, for appellants.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellees.

SMITH, J. This appeal is from an order overruling a motion to dissolve a temporary injunction restraining the city of San Antonio and its officials from interfering with appellees in moving certain houses from a location in an unrestricted fire zone in the outskirts of the city to a restricted zone nearer the center of the city.

It appears from the bill and answer, upon which the injunction was granted and the motion to dissolve denied, that upon application of appellees the city building inspector issued a permit which appellees construed as authority for moving the buildings to the new location. After some of the buildings had been moved, the city undertook to cancel the permit and stop the operations, contending that the permit was without authority and ineffectual, and that the removal and relocation of the buildings was in violation of city ordinances. When the city undertook to interfere with appellees' operations, the latter procured the injunction restraining appellants from interfering with appellees. Subsequently the city's motion to dissolve the injunction was denied.

The record shows that when the city took the first steps to prevent appellees from moving the houses, a number of those structures had already been moved and set up, and it is conceded by the parties that, at the time the motion to dissolve was acted upon, all the houses involved had been moved and were then, as they are now, located upon the premises from which the city seeks to exclude them.

[1] It will be readily seen that the subject-matter of the litigation was the removal of the objectionable structures from the old location and setting them up on the new location. So, when those structures were actually removed from the one and set up on the other location, the subject-matter of the controversy ceased to exist. This being true, the question involved in the case has become moot, and the courts will not further entertain the suit merely for the purpose of determining what the rights of the parties were in the controversy. Richmond v. Hog Creek Co. (Tex. Com. App.) 239 S. W. 904; Flood v. City of Dallas (Tex. Civ. App.) 217 S. W. 194; Brown v. Fleming (Tex. Com. App.) 212 S. W. 483.

Stating the conclusion in another way, the object of the writ of injunction is to prevent injury, and not to afford remedy for injury inflicted. As the acts which appellees seek to prevent have been fully prevented and those which appellants sought below and in this court to avoid have been fully accomplished, the remedy by injunction has been completely exhausted, all other questions become abstract, and nothing remains to be effectively done in the proceeding, which should therefore be abated.

[2] It was urged by counsel for appellants on oral argument that it will be improper to dismiss the appeal and leave the judgment of the trial court in force, for the reason that it could be pleaded in bar of any right the city may have to force the restoration of the parties to the status maintained before this controversy arose; that the effect of a dismissal of the appeal would be to affirm that judgment. If the appeal were dismissed, it might have this effect, and thus work an injustice, or at least enforce a harsh remedy, against the city. But the rule in such cases, which go off upon moot questions, is not to dismiss the appeal, to this court, but to dismiss the case from both courts. Such dismissal serves, simply, to vacate the judgment of the trial court, and leaves unprejudiced the right of the parties to pursue their remedies without reference to the injunction proceeding. McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720.

Accordingly, the cause will be dismissed, at the cost of appellants.