**HARDIN v. KELLAM et al.  (No. 56.)**

(Court of Civil Appeals of Texas. Eastland. Jan. 8, 1926. Rehearing Denied Feb. 12, 1926.)

**1. Mechanics' liens ⬳132(8) — Lien, filed by materialman, within 4 months from date of delivery of last material for building construction, held timely.**

Where material for building construction was to be furnished from time to time, and amount and times when material would be required was uncertain, and amount of indebtedness not being ascertainable until account was closed by a final delivery, *held*, in view of Rev. St. 1911, arts. 5622, 5636, that lien filed by materialman within 4 months from date of delivery of last material was timely; it being immaterial that items included in last delivery were small.

On Motion for Rehearing.

**2. Mechanics' liens ⬳132(10) — Lien held timely, despite agreement to pay cash for material as delivered; "specified time."**

Under Rev. St. 1911, art. 5636, providing that indebtedness for material furnished shall be deemed to have accrued at date of last delivery, unless there is an agreement to pay for such material at a specified time, lien, filed within 4 months after delivery of last item of material for building construction, *held* timely despite agreement to pay cash for material as delivered; "specified time" meaning time for payment of entire indebtedness, which could not be ascertained until after delivery of all material.

Ridgell, J., dissenting.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by Joe Kellam and others against H. H. Hardin. From the judgment, defendant appeals. Reversed and rendered.

E. W. Bounds, of Fort Worth, for appellant.

H. A. Leaverton, of Breckenridge, for appellees.

LITTLER, J. This suit was filed by appellees in form of trespass to try title, also claiming title under statute of limitation of 3, 5, and 10 years.

Appellant (defendant below) answered by general denial, plea of not guilty, and specially pleaded:

"That whatever interest, if any, and whatever title plaintiffs might own in said land, was subject and subordinate to a valid and subsisting debt of record in the sum of $3,214, secured by a valid and subsisting lien in favor of the defendant (appellant) against the Breckenridge City Club, plaintiffs' grantor and the common source of title in this suit, which said judgment for said amount establishing and foreclosing said lien was rendered by the Court of Civil Appeals for the Second Supreme Judicial District of Texas, on the 28th day of April, 1923, and certified to the trial court for observance,

and a copy thereof is now on file in cause No. 2632B, wherein said judgment was rendered."

The report in which the judgment above pleaded was rendered will be found in 253 S. W. 873.

After the rendition of said judgment, the appellees purchased said property at a trustee's sale on default of a note dated August 11, 1920, and secured by a deed of trust on the above property, but which deed of trust was not filed for record until February 26, 1921. As shown in the report of said case, above referred to, the account of the appellant materialman for lumber and material furnished was duly filed for record on the 11th day of April, A. D. 1921.

The contract under which the material and lumber was furnished was made between one V. E. Steen, who was acting for the promoters of the Breckenridge City Club, and the appellant, about the 1st day of September A. D. 1920, by which appellant agreed to furnish material *as required* for the improvements contemplated, and was to be paid for same as said material was delivered, and upon the presentation of the bills to H. A. Leaverton, O. K.'d by at least three of the parties interested in the improvements. That during the month of September and a portion of October, 1920, appellant furnished material for improving said lots, which material was received and used for said improvements. The bills, five or six in number, presented to H. A. Leaverton, properly O. K.'d, were paid in conformity with said contract; and on various days from September 5, 1920, to February 4, 1921, appellant furnished and delivered said material in improving said lots under said contract in the amounts and at the time as shown in said itemized statement attached to appellant's answer; and the said material was delivered and an itemized statement of same was furnished to the Breckenridge City Club, properly O. K.'d for payment, and payment was requested and refused. The itemized statement referred to shows that no payments were made on this account until January 1, 1921.

This, together with the statements in the opinion in 253 S. W. 873, referred to, is considered a sufficient statement of the facts to render intelligible the rulings made. The trial court found that the appellees were innocent purchasers for value without notice, except as to the last item of material in the sum of $2, for which amount he rendered judgment in favor of appellant. This holding is correct if the appellant did not file the lien in time as required by statute; but, if said lien was filed in time, appellees cannot occupy such position of bona fide purchasers, as the lien filed in time would be constructive notice to them. The conclusion has been reached that, under the facts as shown above, the lien was filed in time. The lien was filed within

4 months from the time the last item was delivered.

[1] The mechanic's lien statute requires the materialman to file his lien of record within 4 months from the date the indebtedness accrued. Revised Statute 1911, art. 5622. Revised Statute, art. 5636, provides when the indebtedness shall have accrued as follows:

"When labor is performed by the day or week, then the indebtedness shall be deemed to have accrued at the end of each week during which labor is performed. When material is furnished, the indebtedness shall be deemed to have accrued at the date of the last delivery of such material, unless there is an agreement to pay for such material at a specified time."

Our construction of the statute is that, where the material is to be furnished from time to time as in the present case, and it is impossible for the parties to know in advance what amount would ·be needed, and the amount and the times when the material would be required is uncertain, then the amount of indebtedness could not be ascertained until the account is closed by a final delivery and that it was the purpose of the Legislature to authorize a materialman in such cases to file his lien within 4 months from the date of the delivery of the last material. We think this view is sustained by the following authorities: Matthews v. Wagenhaeuser Brewing Ass'n et al., 83 Tex. 604, 19 S. W. 150; J. H. Baxter Lumber Co. et al. v. Nickell, 24 Tex. Civ. App. 519, 60 S. W. 450; First National Bank of Electra v. Federal Supply Co. (Tex. Civ. App.) 260 S. W. 881; Ferguson Lumber Co. v. Scriber et al., 162 Ark. 349, 258 S. W. 353; American Tank Co. v. Continental Supply Co. (C. C. A.) 3 F.(2d) 122.

It is earnestly insisted by appellees that the statute quoted under the facts in this case requires the filing of the lien within 4 months from the delivery of each item, that the agreement that the material should be paid for when accounts are O. K.'d and presented makes a contract for the payment of each item at a specified time, and that the account for each item must be filed within 4 months from the time each bill was O. K.'d and presented for payment. We do not believe that this statute can be properly given such instruction. In the case of Matthews v. Wagenhaeuser Brewing Association, supra, the agreement was very similar to the one here under consideration, except that there the agreement was to pay the whole bill on January 1, 1886, and the last delivery of material occurred on December 15th prior thereto, and the court there held that the lien should be filed within 4 months from the date of the delivery of material, and what was there said in disposing of that case we think makes the decision there made applicable to the facts of the case at bar.

It is our view that, if the appellant is entitled to recovery for the last item, he is entitled to the recovery for the whole. The fact that the items included in the last delivery were small would not affect the question, if they were delivered under the original contract and part of the material used in the construction of the building.

For the reasons indicated, judgment of the trial court is reversed, and judgment here rendered in favor of appellant for a foreclosure of his materialman's lien for the amount of his debt as decreed by the Court of Civil appeals in the case of Breckenridge City Club v. H. H. Hardin, 253 S. W. 873,' and for proper order of sale to be entered in the judgment of the court.

On Motion for Rehearing.

[2] Appellee strenuously insists that we erred in our original opinion in holding that the lien filed by appellant on the 11th day of April, A. D. 1921, was filed within 4 months after delivery of the last item of material, and was therefore a valid lien to secure the payment of the entire indebtedness, insisting that article 5636 of the Revised Statutes does not apply, on account of the agreement to pay cash for the material as delivered. It appears from the record in the case that the Breckenridge Club was not incorporated until some time in December, 1920, and from the itemized statement attached to the agreed statement of facts, the only payment ever made was on the 29th day of January, A. D. 1921.

We are of the opinion that article 5636 is applicable to the facts in this case, and that the sole issue in this case depends upon the construction of this statute, and the part to be applied to the furnishing of material reads as follows:

"When material is furnished, the indebtedness shall be deemed to have accrued at the date of the last delivery of such material, unless there is an agreement to pay for such material at a specified time."

The Legislature could not have had in mind cash payment at the ·time of delivery, for in that case there would be no need of legislative relief, as the transaction would be complete upon delivery and payment.

The term "specified time" must be interpreted to mean some time to be fixed for the payment of the entire indebtedness, which could not be done until after full delivery of all material; for otherwise there would be no way in which the amount to become due for the full bill of material furnished could be ascertained.

Motion for rehearing is overruled.

RIDGELL, J., dissents. See 281 S. W. ——.