Gus F. NIGGLI et al., Appellants, v. W. B. SPEEGLE et al., Appellees. (No. 7533.)

(Court of Civil Appeals of Texas. San Antonio. March 17, 1926.)

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Joseph Ryan and T. D. Cobbs, Jr., both of San Antonio, for appellants.

George G. Clifton, Terrell Davis, and Huff & McMillan, all of San Antonio, for appellees.

SMITH, J. This appeal was from an interlocutory order refusing to dissolve a temporary injunction restraining appellants from interfering with or molesting appellees from moving certain houses from a specified location to another specified location within the corporate limits of the city, and from placing said houses upon the latter location and using them in any lawful manner, subject to valid city ordinances. As it was conceded by the parties on oral argument that the houses had actually been moved to and set up on the new location, this court (279 S. W. 874) held that the matters presented in the appeal had become moot, and entered an order dismissing both the appeal and the case, without prejudice to the rights of any of the parties to pursue their legal remedies without reference to the injunction.

We have concluded that, as the bill for injunction complains of other matters not disposed of by the trial court, we exceeded our authority in ordering the dismissal of the whole cause in the court below, and that the proper order is one dismissing the appeal, without prejudice to the rights of the parties to proceed to trial of the cause upon the merits of the case.

The motion is granted, the order heretofore entered dismissing the case will be set aside, and judgment will be entered dismissing the appeal at the cost of appellants.

---

H. H. HARDIN v. Joe KELLAM. (No. 56.)

(Court of Civil Appeals of Texas. Eastland. Feb. 19, 1926.)

Dissenting opinion.
For majority opinion, see 279 S. W. 921.

RIDGELL, J. I cannot agree with my brethern in the disposition of this case, and therefore respectfully file this my dissent, in which I will briefly give observations and reasons for my disagreement.

As stated in the opinion of the majority overruling the motion for rehearing, the disposition of this case turns upon the construction of article 5636 (Rev. St. 1911); the part under consideration being:

"When material is furnished, the indebtedness shall be deemed to have accrued at the date of the last delivery of such material, unless there is an agreement to pay for such material at a specified time."

It seems to me that, if the conclusion of the majority is correct, then that part of the article which states the provision, "unless there is an agreement to pay for such material at a specified time," would be meaningless, and of no consequential force or effect.

To say that "specified time" means the payment of the entire indebtedness would read into the article of the statute something that is not expressed.

I believe that the provision referred to means what it says, and, whenever by agreement a "specified time" is fixed when all or any part of the material is to be paid for, that then limitation commences to run from the date of accrual of any item, the payment of which has been specially contracted and the time of such payment specified.

The record shows that "by the said agreement, Hardin was to furnish said material as required for said improvement, and was to be paid for same as said material was delivered, and upon the presentation of the bills to H. A. Leaverton, O. K.'d by at least three of the parties interested in the improvements." The fact shows that the bills were presented and O. K.'d for payment and some of the bills paid, and that more than four months had elapsed between the O. K.'ing of the bills for this lumber and the presentation of same for payment and the filing of the lien, except as to the two small items.

I cannot agree that this indebtedness accrued when these two last items were delivered in the face of a special contract that payment would be made at a definite time. I doubt if these two insignificant items would be sufficient to postpone the due date anyhow, but do not believe that question is necessary for sustaining my views for upholding the judgment of the trial court.

I believe that all these items of account for material furnished for erecting clubhouse, the attempted lien for which was filed more than four months after the indebtedness for such items accrued, under the special contract, as found by the court to exist in this case, was filed too late, and that no lien was created as found by the trial court, unless it be for the last two items which I profess doubt, but do not express judgment. It is true that the case of Matthews v. Wagenhaeuser Brewing Association et al., 19 S. W. 150, 83 Tex. 604, seems to strongly support the majority opinion, and yet I do not see that same can be relied upon as absolutely controlling this case in the light of other cases.

I believe we have an abundance of authority to sustain the proposition that this indebtedness accrued, not when the account is owing, but when it is payable or due. Neblett v. Barron (Tex. Civ. App.) 160 S. W. 1167; Security Trust Co. of Houston v. Roberts (Tex. Com. App.) 208 S. W. 892; Sparks v. Crescent Lumber Co., 89 S. W. 423, 40 Tex. Civ. App. 222.

It appears to me that the exception mentioned takes out of the statute all material cases, like the one we have under consideration, and, where there is a contract for payment of material, as in this case at a specified time, that in that event the lien must be filed within four months from the contract time or date of payment.

There being an agreement as to when payment was to be made for this material, and more than four months having elapsed from the time the material was to be paid for and the filing of the lien, it is my judgment that the lien is unenforceable as against appellee, not being filed in time, and that the judgment of the trial court should therefore be affirmed.