**KELLAM et al. v. HARDIN.** (No. 853–4581.)

(Commission of Appeals of Texas, Section A.
June 23, 1926.)

**Mechanics' liens** ⊜⊃132(8)—**Lien held not timely for indebtedness for material delivered more than 4 months prior to filing under agreement to pay as delivered; "specified time" (Rev. St. 1925, arts..5453, 5467).**

Indebtedness for materials furnished under agreement, for cash payment as delivered, on presentation of O. K.'d bills, accrued on delivery and presentment of bills, this being a "specified time," within Rev. St. 1925, art. 5467, and lien filed by materialman was not timely, in view of article 5453, for such of the indebtedness as accrued more than four months prior to filing, notwithstanding there had been delivery within the four months.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Suit by Joe Kellam and another against H. H. Hardin. From a judgment of the Court of Civil Appeals (279 S. W. 921), reversing a judgment of trial court in favor of plaintiffs, plaintiffs bring error. Reversed, and judgment of trial court affirmed.

See, also, 281 S. W. 656.

McCartney, Foster & McGee, of Fort Worth, and H. A. Leaverton, of Breckenridge, for plaintiffs in error.

E. W. Bounds, of Fort Worth, for defendant in error.

HARVEY, P. J. About September 1, 1920, a contract was duly made in behalf of the Breckenridge-City Club with H. H. Hardin, whereby the latter agreed and became bound to furnish building material to the club, as required, for the construction of certain improvements on lots of land belonging to the club. By the terms of the contract it was provided that said material was to be paid for as delivered, upon presentation of the bills therefor to H. A. Leaverton, O.K.'d by at least three of the parties interested in such improvements. Hardin delivered material under the contract from time to time as required, and bills therefor were duly O.K.'d by the proper parties and presented to Leaverton, in accordance with the terms of the contract, and all such material was used in the construction of said improvements by the club.

On April 11, 1921, payment for such material not having been made, Hardin filed and caused to be recorded his verified account, in regular statutory form, for the purpose of securing and fixing a materialman's lien on said property. The last two items of material delivered under the contract were one of December 20, 1920, amounting to the sum of 50 cents, and one of February 4, 1921, amounting to $1.50. With the exception of these two last-mentioned items, all the material shown in such account had been delivered to the club by Hardin, and bills therefor duly presented and O.K.'d, as provided in the contract, more than four months prior to the filing of said account by Hardin. After the filing of such account, Kellum purchased said property at a foreclosure sale under a certain deed of trust executed by said club. At the time of such purchase, Kellum had no notice of the claim of Hardin, other than such constructive notice as may have resulted from the filing and recording of said account by Hardin. The filing and recording of such account was sufficient in law to fix the materialman's lien, and to charge Kellum with constructive notice thereof, for the full amount set forth in said account, if said account was filed within four months after such indebtedness accrued. There is no dispute that the account was filed in time to secure the lien so far as the last two items, aggregating $2, are concerned; and the trial court rendered judgment sustaining Hardin's lien as to said two items. But, as to the rest of the account, the trial court refused to sustain Hardin's alleged materialman's lien, on the ground that same was not filed within four months after such indebtedness accrued. The judgment of the trial court in the last-named respect was reversed by the Court of Civil Appeals (279 S. W. 921, and 281 S. W. 656), and this action of the last-named court is now before us for review. In the above statement of the case, we have not undertaken to give a technically accurate statement of details, but have stated the material effect of the facts which are necessary to a proper understanding of our holding herein.

The defendant in error, Hardin, contends that, under the provisions of article 5467 of the Revised Civil Statutes of 1925, none of the items of indebtedness for material, shown in said account, accrued until February 4, 1921, the date of the last delivery of material under the contract. The plaintiff in error Kellum contends that the accrual of said items of indebtedness is governed by the agreement of the parties to the contract. This contention of the plaintiff in error is correct. Said article, so far as pertinent, reads as follows:

"Art. 5467. * * * When material is furnished, the indebtedness shall be deemed to have accrued at the date of the last delivery of such material, unless there is an agreement to pay for such material at a specified time."

It will be observed that the foregoing statute fixes the last delivery date as the date of accrual of the indebtedness only in case there is no agreement to pay for the material at a specified time. In the present case a specified time of payment was fixed by the agreement of the parties to the contract. By

the terms of the contract the payment for such material as was delivered under the contract became enforceable, and therefore the indebtedness therefor accrued, as the material was delivered and bills therefor were presented, duly O.K.'d, as provided in the contract. With the exception of said last two items, aggregating $2 in amount, no part of the indebtedness for the material furnished under the contract accrued within four months prior to the filing of said account. Of such indebtedness, which so accrued more than four months prior to the filing of the account therefor, or of the lien securing the payment of same, the filing of such account did not have effect to charge subsequent purchasers of the property with notice. R. S. art. 5453; Neblett v. Barron, 104 Tex. 111, 134 S. W. 208; Johnson v. White (Tex. Civ. App.) 27 S. W. 174; Sparks v. Crescent Lumber Co., 40 Tex. Civ. App. 222, 89 S. W. 423; First Nat. Bank v. Federal Supply Co. (Tex. Civ. App.) 260 S. W. 881.

We therefore recommend that the judgment of the Court of Civil Appeals herein be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.