## SPROWLS et al. v. YOUNGBLOOD.
### (No. 12211.)

Court of Civil Appeals of Texas. Fort Worth.
Nov. 23, 1929.

Rehearing Denied Jan. 4, 1930.

A. C. Heath, of Fort Worth, for appellants. F. M. Bransford, of Fort Worth, for appellee.

CONNER, C. J. This is an appeal from a judgment in favor of T. H. Youngblood, appellee, for the sum of $794 for material and labor furnished in the construction of a building on lot 10, block 8, in the Berkeley addition, city of Fort Worth. The appellee alleged, so far as it is material to state, that during September, 1926, he entered into a verbal contract with the defendant F. V. Sprowls as owner of the lot referred to, in which it was agreed that plaintiff would furnish material and perform the labor for the installation of certain plumbing in the building Sprowls was then constructing, "consisting of the roughing in for plumbing and furnishing and installing the following fixtures, to wit: one bath tub, three lavatories, one sink, three closets, one heater and one shower bath"; that the plaintiff began construction of the work on or about September 29, 1926, and completed same on or about March 18, 1927, "all as agreed upon between plaintiff and defendant F. W. Sprowls at which time, by terms of agreement, the contract price was due but that same had never been paid in whole or in part." The plaintiff further pleaded that upon the completion of his undertaking and upon the refusal of Sprowls to pay, he executed and filed an affidavit as provided by the Constitution and statutes of this state with the county clerk of Tarrant county, Tex., dated April 18, 1928, and filed for record on the same day in Book 93, p. 593, mechanic's lien records, in Tarrant county, by virtue whereof he obtained a constitutional and statutory lien upon said lot which he sought to have foreclosed.

He further alleged that the defendants Q. A. Harveson, J. E. Foster, Sr., and J. E. Foster, Jr., and the Lincoln National Life Insurance Company, were claiming some lien or title to the property upon which the plumbing had been installed, and he prayed that they might be made parties, and that he, as against them, might have judgment foreclosing his alleged lien.

The defendants named appeared and answered substantially as follows: That the defendant Harveson had purchased from Sprowls and wife the completed building on the lot mentioned about February 10, 1927, and was occupying same as his homestead, and that the purchase so made was without knowledge or notice of the claim or lien of the plaintiff Youngblood. The defendant Lincoln National Life Insurance Company rested its claim upon allegations and evidence to the effect that Harveson, as a part of the consideration of his purchase from Sprowls, had executed his promissory note for $6,500, secured by a mechanic's lien on the premises given to one Gunn, dated about February 14, 1927, which had been transferred to the John E. Quarles Lumber Company, and which in turn had been acquired by the insurance company, by transfer from John E. Quarles Lumber Company, upon payment by the insurance company of the $6,500 note for which the mechanics' lien had been given, all without notice of the plaintiff's lien. The Fosters claimed under a second lien given by Harveson to secure certain interest notes executed simultaneously with the $6,500 note.

The case was submitted to the jury upon special issues. The jury found that the last work was performed on the original plumbing contract made between Youngblood and Sprowls for placing the plumbing on the property, on March 18, 1927; the effect of the jury's answers to issues 2, 3, 4, 5, 6, 7, and 8 was that certain payments made to Youngblood aggregating some $700 were not paid to Youngblood as alleged on the particular contract in question.

To question 9 the jury answered that J. E. Foster & Son purchased notes from defendant Sprowls and that the loan company had made a loan upon the property in question, "without notice of the lien or claim of the plaintiff Youngblood." To question 10 they answered that Youngblood neither knew nor had been informed that the John E. Quarles Lumber Company claimed a lien upon the property, on which the improvements were constructed. In addition to the findings of the jury, the court found from the evidence: "That defendant, F. V. Sprowls, as owner, by an oral contract agreed to pay plaintiff, T. H. Youngblood, as contractor, the sum of $794.00 for the plumbing furnished on said job No. 7; that the first material was furnished and the first labor performed by plaintiff Youngblood under said contract on or about September 29, 1926; that plaintiff, Youngblood, fully complied with his contract

and completed the plumbing work, called for in said contract, on the 18th day of March A. D. 1927, at which time the contract price in the sum of $794.00 became due and payable and that there is now due and unpaid thereon the full amount of said contract price with interest thereon from said date of March 18th, 1927, at the rate of 6% per annum; that on April 18th, 1927, plaintiff, T. H. Youngblood, made and filed with the County Clerk of Tarrant County, Texas, and caused to be recorded in Vol. 93, page 503, Mechanic's Lien Records, said county and state, his affidavit, as provided by law, for fixing his contractor's, materialman's and mechanic's lien against lot No. Ten (10) in block No. Eight (8) of Berkeley Addition to the City of Fort Worth, Tarrant County, Texas, for the full amount of said contract price and interest as above set out, which said lien said plaintiff Youngblood is entitled to have foreclosed as of September 29, 1926, against each and all of the defendants to this suit, and to have same sold in satisfaction of his said debt in the sum of $794.00 with interest at the rate of 6% per annum from March 18th, 1927, the plaintiff Youngblod is entitled to judgment against defendant Sprowls for said contract price in the sum of $794.00 with 6% per annum from March, 18th, 1927; that neither of the defendants Q. A. Harveson, the Lincoln National Life Insurance Company, J. E. Foster, Sr., nor J. E. Foster, Jr., is entitled to recover anything of or from the plaintiff Youngblood by reason of the respective cross action of any of the said defendants; that defendant Q. A. Harveson is entitled to recover judgment over against his co-defendant, F. V. Sprowls, under the provisons of the warranty deed from said Sprowls to said Harveson, for any amount said defendant Harveson may be forced or required to pay in protection of his title to the said described lot by reason of the lien herein foreclosed by plaintiff T. H. Youngblood."

Upon the verdict of the jury and findings by the court, judgment was entered in favor of the plaintiff Youngblood for the sum of $794 with interest thereon at the rate of 6 per cent. from March 18, 1929; that the plaintiff's mechanic's and materialman's lien as it existed on September 29, 1926, on lot 10, block 8, of the Berkeley addition, be foreclosed; and that the defendants Harveson, the Lincoln National Life Insurance Company, and J. E. Foster, Sr., and J. E. Foster, Jr., and each of them take nothing as against the plaintiff Youngblood. It was also adjudged that Harveson take nothing as against the plaintiff Youngblood, but in the event he was required to pay anything in discharge of the plaintiff's judgment, that then he have judgment over and against the defendant Sprowls for all such sums as he should be required to pay in protection of his property.

From the judgment so rendered the defendants named have prosecuted this appeal.

In numerous forms appellants complain of the insufficiency of the plaintiff's petition and of the action of the court in admitting in evidence the mechanic's lien relied upon by the plaintiff. The material complaint is, we think, that the petition and affidavit for the lien fails to show that the plaintiff complied with the constitutional and legislative provisions authorizing the lien; fails to set forth an itemized account of each item of the plaintiff's labor and each of the articles of fixtures furnished by him supported by affidavit that the account is just and correct, and all just and lawful offsets, payments, and credits had been allowed, and that the defendants had notice of the plaintiff's contract and the performance of the labor and the furnishing of materials as alleged, etc.

Article 16, § 37, of the Constitution provides that: "Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor; and the legislature shall provide by law for the speedy and efficient enforcement of said liens."

Article 5452, Rev. Civil Statutes of 1925, provides that: "Any person or firm, lumber dealer or corporation, artisan, laborer, mechanic or sub-contractor who may labor or furnish material, machinery, fixtures or tools; (a) to erect or repair any house, building or improvement whatever; * * * under or by virtue of a contract with the owner, owners, or his or their agent * * * upon complying with the provisions of this chapter shall have a lien on such house, building, fixtures, improvements * * * and shall have a lien on the lot or lots of land necessarily connected therewith * * * to secure payment for the labor done, lumber, material, machinery or fixtures and tools furnished for construction or repair."

██ We are of the opinion that the plaintiff's petition brings his case within the constitutional provisions conferring the lien. The petition places the plaintiff in the position of an original contractor contracting with the owner of the lot to furnish and install in a building in course of construction certain fixtures and material for a specified sum. According to the allegations of the petition, the plaintiff undoubtedly furnished material for which certainly the Constitution gave the right of lien, and as it seems to us, the labor done was but a necessary element or incident in furnishing and fixing the material in place, and should be taken into account in determining the value of the material fixed in place.

The case made by the plaintiff's petition is not that of an ordinary laborer working by

882

the day, or dealer in merchandise furnishing specified materials. If the plaintiff's petition comes within the constitutional provisions, as we think it does, his lien is effective and superior to that of a lien given for money loaned while the work was in progress, without the necessity of recording his contract as provided by the statutes; however, the petition distinctly alleges the recording of his affidavit for the lien based upon the oral contract. We think the petition sufficiently described the items furnished. It described the fixtures as one bathtub, three lavatories, one sink, three closets, one heater, and one shower bath. No complaint was made by any of the defendants that the materials so fixed in place according to the plaintiff's allegation was not in full compliance with the plaintiff's contract, and the price of the material in place was fixed by the terms of the contract and not by market value.

In the case of Pool v. Wedemeyer, 56 Tex. 287, there was an express verbal contract to paint a house for $405. The mechanics made out, filed, and recorded under the statute the following account:

"Galveston, March 1, 1874.
"Mr. Sandford—
"To Wedemeyer & Schulte, Dr.
"House and Sign Painters, etc.,
"To painting house of Mr. Pool, in and outside, two coats, $405."

The court held that it was unnecessary to set forth each item of work, the contract being for the entire job for a sum certain, and that the whole was properly aggregated in one item. The same ruling was made in the case of Hemphill v. Gleason (Tex. Civ. App.) 272 S. W. 275. See also Matthews v. Waggenhaeuser Brewing Ass'n, 83 Tex. 604, 19 S. W. 150.

We think that all assignments of error and propositions complaining of an insufficiency in the plaintiff's petition or in the affidavit filed and recorded as stated should be overruled.

It is insisted that the court erred in failing to give appellants peremptory instruction to find in their favor. This proposition is principally based upon the contention that the evidence shows that appellants had acquired the asserted liens without notice of plaintiff's contract or lien. The plaintiff's petition and the evidence shows that the plaintiff began the installation of the fixtures in question on September 29, 1926, and that his contract had been fully completed on March 18, 1927; and his affidavit for the lien, in due form, was filed and duly recorded on April 18, 1928.

It is undoubtedly true that Harveson purchased the premises, and that the Fosters purchased the interest notes, and the insurance company advanced moneys secured by liens between the dates appellant began the work and when it was completed without notice of the plaintiff's claim. In the case of Keating Implement Co. v. Marshall Elec. Light & Power Co., 74 Tex. 605, 12 S. W. 489, it is held that the lien of a mechanic is secured by section 37, art. 16, of the Constitution; that the method of its enforcement depends on statute law; that though it is not fixed before record of the contract or bill of particulars, yet when it is fixed it relates back to the time when the work was performed or the material furnished, and takes precedence of all claims to the property improved which were fastened on it since that time; that the liens exist before registration, the registration preserves it; that within the period of time allowed by statutes for a mechanic's lien to be fixed by registration every person dealing with the property is charged with notice of the existence of such lien.

In the case of Moore v. Carey Bros. Oil Co., 248 S. W. 470, 471, from an opinion by Associate Justice Buck of this court, which case was affirmed by the Supreme Court, 269 S. W. 75, we quote the following: "In our judgment, a purchaser of property is charged with notice of a probable mechanic's or laborer's lien upon the property so purchased, and it is his duty, if he desires to be protected from the enforcement of such a lien within the time prescribed under the statutes, to investigate whether or not any labor has been performed or material furnished within the statutory period for which payment has not been made."

In the case of Moore v. Carey Bros. Oil Co., reported in (Tex. Civ. App.) 246 S. W. 1083, 1087, the court approved the rule laid down in Trammell v. Mount, 68 Tex. 210, 4 S. W. 377, 2 Am. St. Rep. 479, as follows: "The lien of a mechanic though not fixed upon the record of the contract or bill of particulars, when it is fixed, relates back to the time when the work was performed or the material furnished, and hence takes precedence of all claims to the property improved, which have been fastened on it since that time."

In the case of Schultze v. Alamo, etc., Co., 2 Tex. Civ. App. 236, 21 S. W. 160, it was held that under article 16, § 37, of the Constitution, one who has not title to land when he enters into a contract for the erection of a building thereon, but who acquires title pending the performance of such contract, is an owner. See also Breckenridge City Club v. Hardin, 253 S. W. 875, by this court. The plaintiff Youngblood, as contractor, was dealing with Sprowls as the owner, and the case referred to holds that a mechanic's lien exists from the time the work is begun if account is filed for record within four months, and is entitled to a priority over a mortgage executed during the performance of the work, though the lien was not recorded when the mortgage was given. The case was approved

in the case of Breckenridge City Club v. Hardin (Tex. Civ. App.) 253 S. W. 875.

We conclude that no error was committed by the court in refusing the peremptory instruction. We should probably, however, state in this connection that in so determining we considered the entire evidence, and not its state at the time plaintiff closed his evidence. We think that the contention that the court should give a peremptory instruction at the close of plaintiff's evidence, and before defendant offers any, to be available must be taken advantage of by an exception and appealed without the introduction of evidence on his part. If, upon the close of plaintiff's testimony and refusal of the court to give a peremptory instruction, the defendant proceeds to offer evidence, the question then rests on the state of the evidence as a whole, and hence our conclusion, as stated, that no error was committed in refusing the peremptory instruction, is based upon the evidence as a whole, which we think without doubt presents a prima facie case in his favor.

We think the evidence supports the finding of the jury on the issue of payment presented by pleas of the defendants, plaintiff having the right, in the absence of direction otherwise, to apply such payments to indebtedness of Sprowls on other contracts which the evidence tends to show a balance in the appellee's favor existed.

The objection to evidence tending to show that the materials and work furnished by appellee was of a reasonable value equal to the contract price we think immaterial at all events, inasmuch as the court's findings and judgment is founded upon the contract, and not upon appellee's alternative plea for the reasonable value of the fixtures furnished.

A number of other objections to the proceedings below are presented in the voluminous brief of appellants, which we think immaterial in view of what we have already said, and we finally conclude that all assignments of error and propositions should be overruled and the judgment affirmed upon the jury's verdict and the supplementary findings of the court which are adopted, and it will be so ordered.