### J. H. BAXTER LUMBER COMPANY V. KATE NICKELL ET AL.

#### Decided December 14, 1900.

**1. Mechanic's Lien—Materialman—Filing Account.**

A person furnishing material for the erection of a building directly to the owner is an original contractor, and, under the terms of the statute, may fix his lien on the building by filing his account for such material with the county clerk within four months after the date of the last delivery of the material. Rev. Stats., arts. 3295, 3309.

**2. Same—Lien Not Defeated by Transfer of the Property.**

Where defendant company's lien for lumber furnished to M. for the erection of a building had attached and been fixed by filing at a time when the legal title of the property was in M., and without notice of any parol agreement by M. to sell the property to plaintiff, it could not be defeated by virtue of such secret agreement and a subsequent sale of the property to plaintiff, chiefly on credit, although plaintiff had no actual notice of the lien.

APPEAL from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*Greer & Greer,* for appellant.

*Greer & Chester,* for appellees.

GARRETT, CHIEF JUSTICE.—This suit was brought by Kate Nickell, joined by her husband, against the J. H. Baxter Lumber Company and Thos. H. Langham, to enjoin the sale of lots 13 and 14 in block 137, in Port Arthur, by the said Langham, as sheriff of Jefferson County, by virtue of an order of sale in favor of the lumber company against one S. Moyer. The order of sale was issued upon a judgment in the District Court of Jefferson County in favor of J. H. Baxter Lumber Company v. Samuel Moyer, foreclosing a lien upon the property for material furnished Moyer for the erection of a building thereon. There was a trial without a jury, which resulted in a judgment in favor of the plaintiff enjoining the sale and annulling the lien.

It appeared from the evidence that, commencing July 27, 1897, and ending March 22, 1898, J. H. Baxter Lumber Company furnished lumber to Samuel Moyer which was used by him in the construction of a building on the lots described in the petition. The last item in the account, March 22, 1898, amounted to $8.29. On July 20, 1898, the lumber company filed an itemized statement of their account against Moyer duly verified with the clerk of the County Court of Jefferson County so as to secure a lien on the lots described in the petition, and on May 20, 1899, brought suit thereon against Moyer in the District Court of Jefferson County to recover the amount thereof and to foreclose a lien on the lots. On January 6, 1900, the lumber company recovered a judgment in said suit against the said Samuel Moyer for the sum of $272.30, with interest from that date at the rate of 6 per cent per annum, together with costs of suit and a foreclosure of the lien as claimed in the petition as it existed on July 21, 1898. On April 7, 1900, the plaintiffs in said suit procured an order of sale from the clerk of said

court to be issued upon said judgment, and placed the same in the hands of Langham as sheriff, and he levied the same on the same day upon the lots and advertised them for sale to satisfy the judgment. The further execution of this writ was enjoined upon the fiat of the judge obtained April 25, 1900.

The lots in controversy were conveyed by the Port Arthur Townsite Company to Kate Nickell and Samuel Moyer by deed date November 26, 1896, for a recited consideration of $750, "paid and secured to be paid," but there was no recital in the deed of any note or obligation for purchase money, nor any reservation of the vendor's lien. The petition averred that two notes were given for deferred payments amounting to $500. This deed was filed for record October 26, 1898. On October 19, 1898, Samuel Moyer executed an instrument by which he sold and conveyed to Kate Nickell all his interest in the said lots, retaining a vendor's lien to secure the payment to him of $1026 therefor by the said Kate Nickell, ·and upon the further consideration that she "agrees to use diligence to procure a purchaser for said property, and from the proceeds thereof pay said S. Moyer the sum of $1026, and after taking to herself the sum of $1359, agrees to divide equally with S. Moyer any balance arising from the sale of said property over and above the said $1026 and the $1359 and such further sums as are now due or may become due upon said premises to the Port Arthur Townsite Company." This instrument was filed for record October 26, 1898. Afterwards, on February 23, 1899, Samuel Moyer released by an instrument of writing to Kate Nickell the lien for $400 of the $1026 for which the lien was reserved in his conveyance of October 19, 1898, for a recited consideration of $400 paid by Kate and William Nickell.

Samuel Moyer was a single man. Kate Nickell is his daughter and was the wife of William Nickell. When the house for which the lumber company furnished the lumber was about finished, Nickell and his·wife moved into it, and have occupied the premises since as a homestead. When she brought this suit plaintiff tendered payment of the item of lumber furnished March 22, 1898, and the costs of the foreclosure suit against Moyer, and has paid the same into court. The court below found upon parol evidence received that Kate Nickell had ultimately paid all the purchase money for the property with her separate means, and that of the original purchase money only $250 was paid in cash; and that Kate Nickell took the conveyance from Moyer and paid the purchase money without actual knowledge of the claim of a lien by the lumber company.

Appellant's account for material furnished Moyer and used in the construction of the building was filed in time to secure a lien upon the lots described in the petition. When material is furnished for the construction of a building the indebtedness is deemed to have accrued at the date of the last delivery of such material, unless there is an agreement to pay for such material ·at a specified time. Rev. Stats., art. 3309. The lien is secured by filing the account in accordance with the statute, in the case of an original contractor, within four months after the

indebtedness shall have accrued. Art. 3295. A person furnishing material directly to the owner is an original contractor. Matthews v. Brewing Association, 83 Texas, 604. An itemized account of the material furnished Moyer by the lumber company, duly verified, was filed with the county clerk as required by law to secure a lien upon the lots, within four months from the date of the last item in the account. At the time the material was furnished and at the time the lien was fixed the legal title to an undivided one-half of the lots was vested in Samuel Moyer. The lumber company had no notice of any equity asserted by the plaintiff to Moyer's half interest. It is also manifest from the conveyance under which the plaintiff claims title, as well as from other evidence, that she had not paid for the half interest of Moyer in the lots when the lien was fixed, and for some time thereafter, and that she was in a position to fully protect herself, as she owed Moyer much more than the claim of the lumber company amounted to. The court below erred in holding that the lumber company's claim was not filed in time, and that if it was filed in time the plaintiff could defeat it by evidence of a secret equitable title. This secret equity, however, does not seem to have amounted to much more than an agreement between herself and husband that when the property was finally paid for it should be her separate property, for when Moyer conveyed to her he reserved a vendor's lien amounting to nearly the full extent of his interest in the property, which was worth $2500, when the further sums due the townsite company are considered. The right of the lumber company to have an undivided one-half interest in the property sold for the satisfaction of its lien is clear. The judgment of the court below will be reversed and judgment will be here rendered in favor of the appellant dissolving the injunction and that it go hence without day.

*Reversed and rendered.*