## FIRST NAT. BANK OF ELECTRA v. FEDERAL SUPPLY CO. (No. 2301.)

(Court of Civil Appeals of Texas. Amarillo. April 2, 1924.)

**Mechanics' liens ⬤⟞132(10)—Materials furnished held delivered as part of single transaction for purpose of computing time of filing lien.**

Where materials for use in drilling a well were sold as needed on 60-day terms, held, under Rev. St. art. 5636, the whole was but one transaction such that the account as a whole did not accrue until 60 days after date of the final delivery, and that an itemized account and affidavit for the purpose of establishing a materialman's lien filed within 30 days after such accrual was timely.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by the Federal Supply Company against the Wichita-Electra Trust to enforce materialman's lien. The First National Bank of Electra, mortgagee, appealed from a judgment for plaintiff. Affirmed.

B. W. Tipton, of Electra, for appellant.
Fischer & Fischer, of Wichita Falls, for appellee.

RANDOLPH, J. The controversy in this case arises between appellant and appellee over the assertion of a materialman's lien on the part of the Federal Supply Company and a mortgage given to the First National Bank of Electra by the Wichita-Electra Trust, a joint-stock association.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The questions presented on this appeal are solved by the finding upon two propositions. Appellant claims that the materialman's lien upon which appellee bases its right to foreclose upon the property in controversy was of no force and effect because the affidavit and account required by the statute were not filed until after the statutory period within which they should be filed; and, second, that the trial court erred in not holding that each and every item shown in the itemized account sued on was a separate and distinct contract between plaintiff and defendant.

Plaintiff, the Supply Company, sold to the Wichita-Electra Trust certain supplies to be delivered to them as they needed the material, to be used in the drilling of a certain well. The material was sold on terms of 60 days, that is, the account was not collectible until the expiration of 60 days. The material required was purchased at various times, and the last item of the account was purchased June 30, 1921, as found by the trial court and as justified by the evidence. The itemized account and affidavit, made for the purpose of establishing the lien, was filed on September 22, 1921.

The trial court concluded as a matter of law that the furnishing of the material and sale of material to the Wichita-Electra Trust was as a whole one transaction, and that, the last item having been purchased June 30th, the account as a whole was therefore not due until 60 days thereafter, which would carry the date of the accrual of the account to August 30th, or August 29th, and that the lien having been established within 30 days thereafter, it was not filed too late. There was no error in this holding of the trial court. Article 5636, Revised Civil Statutes, reads as follows:

"*When Indebtedness Accrues.*—When labor is performed by the day or week, then the indebtedness shall be deemed to have accrued at the end of each week during which labor is performed. When material is furnished, the indebtedness shall be deemed to have accrued at the date of the last delivery of such material, unless there is an agreement to pay for such material at a specified time."

The Commission of Appeals of Texas, Section B, with the approval of our Supreme Court, held in Matthews v. Wagenhaeuser Brewing Association et al., 83 Tex. 604, 19 S. W. 150, as follows:

"In order to ascertain the time when the four months commenced to run in which appellant should have filed his lien, we are to determine when the indebtedness accrued. This indebtedness resulted from a contract to furnish lumber from time to time, as the Wagenhaeuser Brewing Association should demand it. The amount of lumber, and the times it would be required by the association, were not fixed by the terms of the contract. The parties not knowing what amount would be needed as required, these matters were necessarily left uncertain. It was evidently contemplated that the amount of indebtedness would be ascertained when the account was closed by a final delivery of the last amount that was purchased; and the contract contemplated that this last purchase and delivery should be some time prior to January 1, 1886; that being the day agreed upon for payment. We think the indebtedness accrued at the time of the sale and delivery of the last item of lumber, which appears to have been made either October 13 or 15, 1885. The elements of uncertainty in the quantity of lumber to be sold and the time that delivery should be completed under the contract make this case, as to the question of the accrual of the indebtedness, akin to those cases of personal services under a contract where no definite time is agreed upon for completion of the work or end of the labor. In such cases limitation commences to run from the time of the completion of the work or labor. We think the lien was filed in time."

See, also, Cruz et al. v. Texas Glass & Paint Co. (Tex. Civ. App.) 199 S. W. 819; Baxter Lumber Co. v. Nickell et al., 24 Tex. Civ. App. 519, 60 S. W. 450.

We therefore overrule appellant's assignments of error, and affirm the judgment of the trial court.