## MALONE v. BURDICK et al.
No. 2809.

Court of Civil Appeals of Texas. El Paso.
March 30, 1933.

Rehearing Denied April 20, 1933.

J. A. Gillett, of El Paso, for appellant.

Loomis & Kirkland, of El Paso, for appellees.

PELPHREY, Chief Justice.

Appellees, as plaintiffs below, filed this suit against appellant seeking to recover the sum of $279.23, alleged to be due them for labor and material furnished by them in repairing a motor and pump and installing an electrically driven pumping plant on the lands of appellant.

In the first count in their petition, they alleged a parol lien granted to secure the value of the labor and material furnished, and in the second count alleged a contract in writing and a chattel mortgage lien on the pumping plant, foreclosure of which liens was prayed for.

Appellant in his answer questioned the jurisdiction of the court on the ground that appellees' petition showed the property to be attached to the realty and a part thereof and answering specially alleged that the property did not belong to him, the chattel mortgage therefore being void.

The cause was tried to the court, and upon the request of appellant the following findings of fact and conclusions of law were filed:

"I find that all parties hereto reside in El Paso County, Texas.

"I find that heretofore, to-wit: On or about the 21st day of June, 1931, the defendant engaged the plaintiff to repair and recondition a motor and pump and supply the labor and materials necessary to install an electrically driven irrigation pumping plant on the defendant's farm about two miles south of Tornillo, Texas;

"I find that the plaintiff did supply the necessary materials and labor to repair the motor and pump supplied by the defendant and installed by the plaintiff on or about the 10th day of September, and delivered the same to the defendant herein;

"I find that the same was unsatisfactory, as the former irrigation plant had been;

"I find that the understanding between the parties hereto was that the same was to be paid for when completed, but that it was not and that thereafter, to-wit: On or about the 18th day of September, 1931, defendant executed to plaintiff a chattel mortgage securing the indebtedness mentioned in said chattel mortgage and that said chattel mortgage covered the irrigation pumping plant consisting of one 35 horsepower electric motor and one 12″ centrifugal pump, and with belting and

other accessories, fifty feet of 8" pipe and fittings and a hundred feet of 10" pipe and fittings located on the ranch of the defendant, above mentioned, but that said mortgage in turn secured only the labor and parts necessary to the installation of said pumping plant;

"I also find that at the time said mortgage was executed, it was known to both the defendant and plaintiff herein that the one 35 horsepower electric motor and one 12" centrifugal pump was not the property of the defendant Malone, and that said mortgage was signed by said Malone with knowledge on the part of both plaintiff and defendant that he had no title to said property.

"I also find that at the time said mortgage was executed that said pumping plant had been installed in the manner as above set out."

### "Conclusions of Law.

"I conclude as a matter of law, that plaintiff is not entitled to recover for the $32.50 handling charge, and the $12.50 board bill paid to a restaurant at Tornillo, Texas, and that as between the parties, plaintiff is entitled to a recovery of his chattel mortgage upon the property, subject to and without prejudice to the rights of the true owners thereof, they not being made a party to this suit."

From a judgment against appellant for $234.23 and foreclosing a chattel mortgage lien on the electric motor and pump, he has appealed.

### Opinion.

Appellant's two assignments of error are:

"The trial court erred in overruling defendant's plea of jurisdiction in reference to the foreclosure of a mortgage lien against the property involved in this suit for the reason that said property constituted fixtures attached to real estate in such a way as to become a part thereof and the use of which was essential to the proper enjoyment of said real estate." And—

"The trial court erred in giving validity to the chattel mortgage claimed by plaintiffs in the case upon the electric motor and centrifugal pump embraced therein for the reason that the undisputed testimony and the court's findings of fact show that at the date of execution of said mortgage by defendant, he did not own said pump and motor; and at the trial of the case, had not acquired any interest in either of them, and said mortgage was a nullity and it could not be enforced."

In appellees' petition we find it alleged that appellant employed them to repair and recondition a motor and pump supplied by him, and to furnish the materials and labor necessary to install an electrically driven irrigation pumping plant on appellant's ranch;

that they furnished the material and labor; that the pumping plant was accepted by appellant on or about the 10th day of September, 1931; that at that time appellant granted them a parol chattel mortgage and right to go upon his premises and remove the motor, pump, and certain pipe and fittings to enforce their lien; and that, thereafter, appellant executed to them a chattel mortgage in writing on the property.

We think, clearly, that it cannot be said from the above allegations that the property was located upon and attached to the real estate of appellant in such a way as to become a fixture.

In fact, the allegations as to the giving of a parol chattel mortgage, and the subsequent giving of a written one, indicated an intention on appellant's part that the property covered thereby should not become part of the realty.

The first assignment must, therefore, be overruled.

In 19 Tex. Jur. p. 707, § 4, the true criterion for determining whether a chattel has become an immovable fixture consists in the united application of three tests, viz.:

"First: Has there been a real or constructive annexation of the article in question to the realty?

"Second: Was there a fitness or adaptation of such article to the uses or purposes of the realty with which it is connected?

"Third: Was it the intention of the party making the annexation that the chattel should become a permanent accession to the freehold?"

On page 708, § 5, we find the following:

"Of the above-mentioned tests for determining whether or not a chattel has become a fixture, pre-eminence is given to the one that concerns the intention to make the thing a permanent accession to the freehold; the other tests are of value chiefly as evidence of this intention. * * *

"As a general rule, intention is a question of fact for the jury."

It appears from the findings of fact by the trial court that appellant was not the owner of the pump and motor at the time of the execution of the chattel mortgage and that appellees were aware of that fact.

It also appears from the uncontradicted evidence that appellant was not the owner at the time judgment was rendered.

This being true, then appellant has no ground for complaint by reason of the judgment of foreclosure. He not being the owner could suffer no injury from a foreclosure, especially where the judgment decreed the foreclosure to be subject to rights of the owners of the property. 3 Tex. Jur. p. 147, § 84.

The judgment is affirmed.