**INVESTOR'S SYNDICATE et al. v. DALLAS PLUMBING CO., Inc.**

**No. 2858.**

Court of Civil Appeals of Texas. El Paso.
June 22, 1933.

Lyle Saxon, of Dallas, for appellants.

McBride, O'Donnell & Hamilton and J. L. Lipscomb, all of Dallas, for appellee.

HIGGINS, Justice.

Appellee brought this suit against C. D. Hutsell to recover the sum of $1,572.50, alleged to be due for labor and material furnished in installing plumbing in two apartment houses and to foreclose a materialman's lien securing its payment.

C. V. Compton and Investor's Syndicate, the appellants, were joined as defendants, it being alleged they were claiming some interest in the property upon which the lien was sought to be foreclosed.

Appellants had contract liens upon the property.

The case was tried without a jury and judgment rendered in the plaintiff's favor against Hutsell for $1,496.62, with foreclosure of lien as superior to the liens of Compton and Investor's Syndicate, from which the latter appeals.

The first question presented arises out of a payment of $1,000 made by Hutsell which it is contended should be applied in reduction of the debt sued upon. It was pleaded that Hutsell paid such amount by check with instructions to apply the same upon the account sued upon and that the check bore the notation "Lewis and Meadow Street Job." To this plea the plaintiff made no reply. The account sued upon was for material and labor upon what was known as the Lewis and Meadow street job. The payment in question was applied by plaintiff on other and older indebtedness due by Hutsell on other jobs. The canceled check was offered in evidence by appellants bearing the notation stated in support of the plea of payment. Appellee's bookkeeper and another witness testified that when the check was received it bore no such notation. To this testimony appellants objected and it is here urged such testimony was inadmissible in the absence of plea of fraud or alteration of the check.

Article 2005, R. S., implied a denial by plaintiff of the special defense that Hutsell had directed the application of the check to the payment of the account sued upon. This being true, it was competent for the plaintiff to rebut evidence offered by defendants to show such direction and this they could do by showing that when the check was received it bore no such notation. We think it was unnecessary to specially plead that the check bore no such notation when it was received in order to permit the plaintiffs to prove that fact. Hendricks v. Leopold & Co. (Tex. App.) 18 S. W. 638.

Propositions two to seven consist of statements of the rules of law relating to the application of payments. As abstract statements of such rules they are correct. The question here is controlled by an issue of fact. The evidence supports the view that

when the check was delivered to appellee no instruction was given by Hutsell as to its application and appellee in accordance with the previous course of dealing between the parties applied all of the same to the payment of older debts upon other accounts except $65.78, which was applied upon the account in question and for which credit was allowed in the judgment rendered.

■ Findings of fact were not filed and it must be assumed the court found the facts in accordance with the plaintiff's theory. This finding controls the propositions last mentioned.

The contract between the plaintiff and Hutsell whereby the former agreed to furnish the labor and material for the plumbing job upon which the suit is based was an oral contract made August 15, 1931.

The work was at once begun and completed in the first part of November, 1931. Hutsell agreed to pay when the work was completed and in any event not later than December 7th. Appellee filed its verified account for record on January 4, 1932.

The lien of the Investor's Syndicate is dated November 21, 1931, and secures the payment of Hutsell's note for $12,000. Compton had a deed of trust dated September 4, 1931, securing Hutsell's note for $3,500. This Compton's note was paid out of the proceeds of the $12,000 note and the Investor's Syndicate was subrogated to the rights of Compton.

Appellants' eighth proposition reads: "Liens given to secure promissory note secured by a deed of trust at a date of over four months prior to the filing of a mechanic's lien contract are superior and prior to the rights of said mechanic's lien holders."

We are unable to determine upon just what theory this proposition is predicated but whatever such theory may be it is untenable for the following reasons:

■ The inception of appellee's lien was August 15, 1931, when the contract for the work was made. Oriental Hotel Co. v. Griffiths, 88 Tex. 583, 33 S. W. 652, 30 L. R. A. 765, 53 Am. St. Rep. 790.

The inception of the lien thus antedated the contract liens of appellants. Appellee was an original contractor and the verified account was filed within the time fixed by article 5453, R. S., as amended by Acts 41st Leg. (1929), 224, p. 478 (Vernon's Ann. Civ. St. art. 5453). Matthews v. Wagenhaeuser, etc., Ass'n, 83 Tex. 604, 19 S. W. 150; J. H. Baxter Lbr. Co. v. Nickell, 24 Tex. Civ. App. 519, 60 S. W. 450.

■ By the filing of the account appellee's lien related back to the date of the contract and has precedence over the subsequently created liens of appellants. Article 5459, R. S.; Moore v. Carey Bros. Oil Co. (Tex. Com. App.) 272 S. W. 440, 39 A. L. R. 1247, and cases there cited.

Appellants, in this connection, cite Sullivan v. Texas B. & C. Co., 94 Tex. 541, 63 S. W. 307, Wm. Cameron & Co. v. Crabb (Tex. Civ. App.) 42 S.W.(2d) 638, and Gugenheim v. Dallas, etc., Co. (Tex. Civ. App.) 42 S.W.(2d) 268, but these cases arose upon a different state of facts. They have no present application and do not impeach the validity of appellee's lien upon the facts reflected by this record. We note also that the Gugenheim Case was later reversed by the Supreme Court. See 59 S.W.(2d) 105.

■ The last proposition asserts the property should have been ordered sold and the proceeds pro rated between the lien holders. Appellee, in this connection, invokes the doctrine announced in Land Mortgage Bank v. Quanah Hotel Co., 89 Tex. 332, 34 S. W. 730, H. J. McMullen & Co. v. Hanmann (Tex. Civ. App.) 34 S. W. 909, and other cases of like nature.

This proposition would perhaps be well founded if the pleadings of appellants had authorized such a judgment as the proposition asserts should have been rendered.

Compton asserts title to the premises by virtue of a trustee's sale under a deed of trust dated December 21, 1931, and which is recognized to be subordinate to the lien of Investor's Syndicate. He simply attacks the validity and priority of appellee's lien. He did not seek foreclosure and sought no relief of any character against Hutsell.

The Investor's Syndicate is not entitled to any such relief because it did not sue Compton who is now the owner of the property nor Hutsell the maker of its note and deed of trust but simply attacks the priority of appellee's lien.

The only issues joined by the pleadings were between appellee on the one hand and appellants on the other, and the issues thus joined related only to the validity of appellee's lien and its right of priority.

In the state of their pleadings foreclosure and a sale in favor of Compton and Investor's Syndicate and pro rata distribution of the proceeds of sale could not have been ordered.

Affirmed.