### GRAPETTE CO. v. BOWDEN.
#### No. 11898.

Circuit Court of Appeals, Fifth Circuit.
Dec. 9, 1947.

Rehearing Denied Jan. 5, 1948.

SIBLEY, Circuit Judge, dissenting.

———◆———

F. B. Davenport, of Dallas, Tex., for appellant.

George Sergeant, of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This is a controversy over the priority of liens. The question is whether a mechanic's lien is superior to the lien of a certain deed of trust. The judgment appealed from gave priority to the mechanic's lien.

In January, 1946, L. R. Bowden made a contract with the Ibis Manufacturing Co., now bankrupt, for the laying of a cement foundation, and the placing of permanent metal screws and bolts therein, for the holding of a prefabricated metal house that was to be removed from another part of the county and attached to the cement foundation on the bankrupt's property in Texas. Bowden performed this service; and, within the statutory time, filed notice of his mechanic's lien with the county clerk in accordance with the statute relating to the fixing of such liens.

The Grapette lien arose in February, 1946, and its validity is unquestioned, except as to its asserted priority over the Bowden lien. Both the referee and the court below found that the intention of all parties was that the building should be a permanent fixture, and that Bowden, in fixing his lien, complied with the requirements of the state statute relating to mechanic's liens. From this it follows that the Grapette lien was subsequent in time and is subordinate in right to Bowden's lien.[1]

The judgment appealed from is affirmed.

SIBLEY, Circuit Judge (dissenting).

I think the judgment is wrong, and that the reasons given for it ignore the true question. There is no doubt that Bowden has a lien on the foundation which he built and the land in which it was imbedded, and that his lien is superior to any other lien on that property. The question is whether Grapette Company, which had a deed of trust on the prefabricated house superior to any other lien on it lost its right by the house being removed from its old foundation and being placed on the new foundation elsewhere. If it had been an ordinary house which would have to be torn down to separate it from the new foundation that result might have followed, but a prefabricated house is merely fastened down by a few bolts, like a machine, and can be taken away by unscrewing the bolts without injury to the house or foundation. This house was so removed when it was placed on the foundation that Bowden had built. He did not move it or fasten it down, has done no work on it, and I see no reason why he should get ahead of the trust deed on it. When the sale was had, the proceeds of which are now in dispute, the house was in fact sold as a separable item from the land, and its value thus fixed, though the same purchaser bought both land and house. If this had been heavy machinery under mortgage instead of a light metal house, there is abundant authority that the mortgage would prevail in bankruptcy in a distribution of the proceeds of such a sale.

---

[1] Hutchins v. Masterson, 46 Tex. 551, 26 Am.Rep. 286; Pool v. Wedemeyer, 56 Tex. 287; Stuart v. Broome, 59 Tex. 466; Bollinger v. McMinn, 46 Tex.Civ. App. 89, 104 S.W. 1079; Reader v. Christian, Tex.Civ.App., 234 S.W. 155; Hemphill v. Gleason, Tex.Civ.App., 272 S.W. 275; Sprowles v. Youngblood, Tex. Civ.App., 23 S.W.2d 879; Dallas Nat. Bank v. Peaslee-Gaulbert Co., Tex.Civ. App., 35 S.W.2d 221; Malone v. Burdick, Tex.Civ.App., 58 S.W.2d 1048; Investor's Syndicate v. Dallas Plumbing Co., Tex. Civ.App., 61 S.W.2d 1039.; Shamburger v. Bredthauer, Tex.Civ.App., 62 S.W.2d 603; Royal Indemnity Co. v. American District Steam Co., Tex.Civ.App., 88 S. W.2d 1091; Clark v. Clark, Tex.Civ.App., 107 S.W.2d 421; Oil Field Salvage Co. v. Simon, 140 Tex. 456, 168 S.W.2d 848; 19 Texas Jurisprudence, 707, par. 4; Texas Constitution, Article XVI, Sec. 37, Vernon's Ann.St.; Revised Statutes of Texas of 1925, Articles 5452 and 5453, Sec. 2, Vernon's Ann.Civ.St. arts. 5452, 5453, subd. 2.