**ROYAL PALMS CORPORATION et al.,**
Appellants,

v.

**A. MINELLA PLUMBING SUPPLIES, INC.**
et al., Appellees.

No. 13889.

Court of Civil Appeals of Texas.

Houston.

March 8, 1962.

Roy H. Bray, Houston, for appellant Royal Palms Corporation.

Charles M. Leftwich, Houston, for appellant San Jacinto Title Company.

Funderburk, Murray & Ramsey, John Murray, Houston, for appellee A. Minella Plumbing Supplies, Inc.

Dow & Dow, Edmund L. Cogburn, Houston, for appellee Plumbing Supply Company.

COLEMAN, Justice.

This is an appeal from a judgment rendered by the court sitting without a jury in favor of certain materialmen against a subcontractor on a construction project, and the owner of the project, for the contract price of material furnished to the subcontractor. The judgment established mechanics' and materialmen's liens of the premises and decreed a foreclosure of the liens.

We are considering two suits which were consolidated by agreement. A. Minella Plumbing Supplies, Inc. sued Royal Palms Corporation, Truett Peachey, Big T. Building and Supply Company, Inc., Max I. Kamenzind and San Jacinto Title Company. Plumbing Supply Company sued Max Kamenzind, Royal Palms Corporation, Truett Peachey, Barbara Peachey and Peachey Realty Company, Inc. All defendants, except San Jacinto Title Company, answered by general denial. San Jacinto Title Company answered that it was a disinterested stakeholder of $8300.00; that A. Minella Plumbing Supplies, Inc., Royal Palms Corporation, Truett Peachey, Big T. Building and Supply Company, Inc. and Max I. Kamenzind were asserting claims to the fund; that it could not safely determine to whom the money was due and tendered same into court praying that the named claimants be cited to appear and answer and that the court determine the owners of the fund; order its distribution and discharge San Jacinto Title Company from any liability. No further pleadings with reference to the fund tendered into court appear in the record.

Royal Palms Corporation and San Jacinto Title Company have appealed. San Jacinto Title Company complains that the judgment is too vague and indefinite to finally adjudicate the rights of all claimants to the fund which it tendered into court and, therefore, fails to give the company complete protection. The portion of the judgment concerned with the interpleader action reads as follows:

"* * * and it also appearing to the Court that the Sam Jacinto Title Company holding certain funds on behalf of

the Defendant Royal Palms Corporation in the amount of $8,300.00 for the satisfaction of liens arising under the sub-contract with Peachey Construction Company and Big T. Building and Supply Company, Inc. aforementioned, has tendered such funds into the Registry of this Court, acting on behalf of the defendant Royal Palms Corporation and that accordingly such funds should be applied toward the satisfaction of costs of court incurred herein and of the liens of Plaintiff A. Minella Plumbing Supplies, Inc. and Plumbing Supply Company as liens arising under such sub-contract; it is therefore ORDERED, ADJUDGED AND DECREED that such funds as tendered into the Registry of this Court be and they are hereby applied in satisfaction of the Mechanic's and Materialman's Liens set out and established and foreclosed above and the San Jacinto Title Company is hereby ORDERED to pay said $8,300.00 into the Registry of this Court and the Clerk of this Court is hereby Ordered and Directed to pay the costs of court herein and then to pay to A. Minella Plumbing Supplies, Inc. the sum of $2,656.16 plus $195.01 interest with 6% interest on such sums from date hereof and to Plumbing Supply Company the sum of $1,034.72 plus $77.00 interest with 6% interest on such sums from date hereof and upon the payment of such sums to the said Plaintiffs in satisfaction of such liens as aforesaid such liens shall be in all things discharged as against the property hereinabove described and the balance then remaining to the Royal Palms Corporation herein determined to be entitled thereto, and upon the payment of said sum of $8,-300.00 into the Registry of this Court by the San Jacinto Title Company, it will thereby be discharged of any and all further liability with respect to said sum from claims arising out of the subject matter thereof.

"It is further ORDERED, ADJUDGED AND DECREED that Plaintiffs A. Minella Plumbing Supplies, Inc. and Plumbing Supply Company shall recover nothing from Defendants Truett Peachey, Barbara Peachey, Big T. Building and Supply Company, Inc. and Peachey Realty Company, Inc. and that said Defendants shall go hence without day with their costs, said Defendants having been granted an instructed verdict on motion at the close of the Plaintiffs' cases."

All parties named in the interpleader action, who answered in the principal suit, are properly before the court even though citations were not served in such action. Empire Gas & Fuel Co. v. Noble, Tex.Com.App., 36 S.W.2d 451; Sullivan v. Doyle, 108 Tex. 368, 194 S.W. 136. A judgment is not "final", and appealable, unless it determines the rights of all parties and disposes of all issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890; Harris v. Superior Ins. Co., 322 S.W.2d 665, Tex. Civ.App. Unless the judgment from which this appeal is prosecuted disposed of all parties to, and issues raised by, the interpleader of San Jacinto Title Company, the judgment is not final and we have no jurisdiction of this appeal.

The quoted paragraph of the court's judgment wherein it was decreed that Truett Peachey, Barbara Peachey, Peachey Realty Co., Inc., and Big T. Building and Supply Co., Inc., go hence without day with their costs, specifically refers to the main case and does not purport to adjudicate their rights with reference to the fund tendered into court.

It is contended that there was no final or express adjudication of the rights of all claimants to the fund by reason of the addition of the phrase, "* * * from claims

arising out of the subject matter thereof", to the previous words granting San Jacinto Title Company a discharge from possible liability growing out of conflicting claims to the fund. Added weight is given the point by reason of the trial court's conclusion of law that "San Jacinto Title Company is entitled to be discharged upon its plea of interpleader as to all liability with respect to said sums paid into court as to Plaintiffs Plumbing Supply Company and A. Minella Plumbing Supplies, Inc."

■■ The trial court found as a fact:

"That the sum of $8,300.00 was deposited by Defendant, Royal Palms Corporation, in escrow with Defendant, San Jacinto Title Company to be applied by the said San Jacinto Title Company for and on behalf of Royal Palms Corporation for the satisfaction of Mechanics' and Materialmen's Liens arising under the sub-contract between Big T. Building & Supply Company, Inc. and the original contractor, Peachey Construction Company, against the above described property and that said sum was paid into the Registry of this Court by Defendant, San Jacinto Title Company."

Since this finding has not been attacked as being unsupported by evidence, it is binding on this Court. In view of this fact finding, the conclusion of law set out above would not negative a further implied conclusion that the title company is entitled to be discharged from all liability arising out of claims to the fund which were, or might have been, asserted by any party to the interpleader action. The trial court's findings of fact demonstrate that there were conflicting claimants for the fund, a reasonable doubt as to the proper person legally authorized to receive payment therefrom, and that the title company was claiming no interest in the apportionment and distribution of the fund. Under such circumstances it was entitled to a full discharge. Greenwall v. Ligon, Tex.Com.App., 14 S.W.2d 829; Davis v. Supreme Lodge K. P. Ins. Depart-

ment, Tex.Civ.App., 31 S.W.2d 359, error ref.

In Austin v. Conaway, Tex.Civ.App., 283 S.W. 189, the court quoted with approval from Freeman on Judgments (5th Ed.), p. 132, in part, as follows:

"It is always proper to consider what the judgment would have been since it will be presumed that the court intended to adjudge correctly in law upon the facts of the case, and of two possible interpretations of the language of the judgment, that one will be adopted which makes it correct and valid, in preference to one which would make it erroneous."

The use of the phrase, "from claims arising out of the subject matter thereof," creates an ambiguity in the judgment, but when we look at it in the light shed by the pleadings of the parties and the fact findings of the trial court, we conclude that the trial court intended to discharge the title company from all liability arising out of conflicting claims to the fund tendered into court, which might have been urged by any of the parties to this suit.

In any event San Jacinto Title Company was entitled to a judgment of discharge after payment of the fund into court on the express findings of fact of the trial court. We, therefore, reform the judgment by eliminating the phrase quoted since the judgment on this phase of the case is complete and correct without it.

■ The title company has presented two additional points of error complaining of the manner in which the funds were disbursed by the trial court. Since we have held that it is discharged by the judgment of the trial court, the company has no further interest in the funds and may not question the action of the trial court on appeal. Royal Neighbors of America v. Fletcher, Tex.Civ.App., 230 S.W. 476.

Plumbing Supply Company furnished materials to Max I. Kamenzind, a subcontrac-

tor. The last supplies were delivered on November 4, 1959. Written notice of the furnishing of these supplies was given Royal Palms Corporation, the owner of the building, on March 9, 1960.

Article 5453, Vernon's Ann.Tex.St., provides that the materialman shall give notice to the owner of each item furnished within 90 days after the indebtedness accrues, and that he shall file an itemized account with the County Clerk.

Article 5456, V.A.T.S., provides: "(And in case of material furnished, affiant shall further swear that he has given to the owner, his agent or representative or receiver, notice in writing of each item of said account as required in this chapter as the same was furnished * * *)."

Article 5467, V.A.T.S., provides: "When material is furnished, the indebtedness shall be deemed to have accrued at the date of the last delivery of such material, unless there is an agreement to pay for such material at a specified time."

■ The trial court found that Plumbing Supply Company gave a proper notice in writing to Royal Palms, and filed its lien with the County Clerk within 90 days of the accrual of the indebtedness. This finding is supported by evidence that Plumbing Supply, the materialman, and Max I. Kamenzind, the subcontractor, agreed that payment for the materials would not be due until December 10, 1959, although the last delivery was made November 4, 1959. Royal Palms knew nothing of this agreement and contends that without its consent the materialman and subcontractor could not fix the date of accrual of the indebtedness at a time beyond the last delivery of material. Article 5467, supra, provides that the indebtedness shall be deemed to have accrued at the date of the last delivery in the absence of a specific agreement as to when the payment would be due. Keystone Pipe & Supply Co. v. Wright, 37 S.W.2d 227, Tex.Civ.App.; Baxter Lumber Co. v. Nickell, 24 Tex.Civ.App., 519, 60 S.W. 450;

First Nat. Bank v. Federal Supply Co., 260 S.W. 881, Tex.Civ.App. We find no requirement that the owner of the premises under construction be made a party to a subcontractor's contract for purchase of materials, nor that he be notified of the date of accrual prior to the time the lien claimant is required to give notice of his account by Article 5453, supra.

Royal Palms contends that the trial court's findings of fact that at the time notice was given it of the accounts of (1) A. Minella Plumbing Supplies, Inc., and (2) Plumbing Supply Company, it had in its hands sums owing to the original contractor, Peachey Construction Company, are against the great weight and preponderance of the evidence. This assignment requires that we consider all of the evidence. Truett Peachey, as an individual, contracted with Peachey Construction Company for the erection of certain apartment houses for the sum of $210,000.00. He then secured a commitment from Alltex Mortgage Company for a $180,000.00 permanent loan contingent upon completion according to the plans. Thereafter he sold the project to Royal Palms Corporation, who assumed the obligations of the construction contract, and completed the loan. The proceeds of the loan were placed with San Jacinto Title Company by Alltex for disbursement. Neither the instructions given the title company by Alltex nor the terms of the agreement between Alltex and Royal Palms are shown by the record other than testimony that Alltex was looking to the title company to get the bills paid.

After Royal Palms and the title company received notice of the accounts of appellees, and after their liens were fixed by filing with the County Clerk, San Jacinto Title Company paid the sum of $8,575.80 for certain air conditioning equipment to McGraw-Edison Company. It appears from the record that prior to the notice San Jacinto Title Company either paid out or allocated on their records the $180,000.00 received from Alltex Mortgage Company. At that time the sum of $8,575.80 was committed to

the McGraw-Edison Company. The commitment was made by the title company because Alltex required that the title company guarantee that the units would be installed. $1,911.33 was paid to Star Steel Supply Company after the liens were filed. This appears to have been made for release of a lien, but again there is no evidence to show the procedure used in allocating the money. Trice Carpet Company was allocated $3,966.66, which was not actually disbursed to the company until after the liens were filed. Since these payments were made from the proceeds of the loan to Royal Palms in payment of accounts due by reason of labor done and materials furnished under the construction contract, the trial court properly found that at the time the liens were filed, and the notices of account were given to Royal Palms, by appellees, sufficient funds to pay these accounts, belonging to Royal Palms, were held by San Jacinto Title Company. The fact that these funds were allocated to pay other accounts by the title company because it had to guarantee the installation of certain equipment does not show that Royal Palms had paid this money to Peachey Construction Company in satisfaction of its contract. We do not have before us the question of whether or not retention of the funds by the title company pursuant to an agreement in which Royal Palms and Peachey Construction Company participated would have constituted payment.

■ Truett Peachey, President of Peachey Construction Company, testified that Royal Palms owed him no money at the time of receiving notice on March 7 and December 17. In view of the circumstance that Truett Peachey as an individual sold the project to Royal Palms for an undisclosed purchase price, the court was not compelled to accept this testimony as evidence that on such dates Royal Palms owed Peachey Construction Company no money by reason of the construction contract. The findings of fact of the trial court were not so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

■ Since the notice was given and the liens filed within 90 days after the accounts were due and an amount sufficient to pay the account remained due to contractor from owner, appellees acquired legally enforceable liens. Nichols v. Dixon, 99 Tex. 263, 89 S.W. 765; Johnson v. Amarillo Improvement Company, 88 Tex. 505, 31 S.W. 503; and since the owner paid the contractor by paying accounts which the contractor owed, after appellees' mechanics' and materialmen's liens were filed, the personal judgment rendered against Royal Palms Corporation as owner of the premises was proper. Wilson v. Sherwin-Williams Paint Company, 110 Tex. 156, 217 S.W. 372.

The judgment of the trial court is reformed and affirmed.