Affirmed and Memorandum Opinion filed January 8, 2009








Affirmed and Memorandum Opinion filed January 8, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00729-CV

____________

 

LAW OFFICES OF LIN &
ASSOCIATES, THE ASAFI LAW FIRM, J. A. (AJAY@) ASAFI, MORRIS TABAK, AND ALAN
BYERS,
Appellants

 

V.

 

ALICE DENG, JIN MEI MA, MUCAHIT
TUREL, AND STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY, Appellees

 



 

On Appeal from the 61st
District Court

Harris County, Texas

Trial Court Cause No. 2006-10880

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the entry of an order dispersing
funds from the registry of the trial court.  Finding no error, we affirm.

Factual and procedural background








Appellees Alice Deng and Jin Mei Ma originally initiated
this action against appellee Mucahit Turel seeking recovery for personal
injuries sustained in an automobile accident. Appellants Lin & Associates,
the Asafi Law Firm, J. A. Asafi, Morris Tabak, and Alan Byers, initially
represented Deng and Ma, but, at the request of Deng and Ma, appellants filed a
motion to withdraw as counsel, which the trial court granted on March 19, 2007.

On March 13, 2007, appellants notified Turel they owned an
interest in the appellees= causes of action and that any settlement
payment must include that interest.  Soon thereafter, Turel settled Deng=s personal injury
claims.[1] 
When Deng was unable to negotiate an agreement with appellants as to the
division of the settlement proceeds, Turel, on June 14, 2007, filed a motion to
deposit the settlement proceeds into the registry of the trial court.

At a point not disclosed in the appellate record, appellant
Lin & Associates filed a separate suit in county court against Turel=s insurance
company and Deng=s new trial counsel seeking to collect on
the amount of the settlement Lin & Associates asserted they were owed as a
result of the assignment of an interest in Deng=s personal injury
claim.  On July 17, 2007, Turel=s insurance company moved to consolidate
the county court suit filed by Lin & Associates with the original district
court lawsuit filed by appellees Deng and Ma.  On July 19, 2007 Lin &
Associates filed a response in opposition to the motion to consolidate.  On
July 20, 2007, the trial court denied the motion to consolidate.








On July 31, 2007, appellees Deng and Ma filed a motion
requesting disbursement of the settlement funds.  In their motion, Deng and Ma
asked the trial court to pay the entire amount to Deng.  On August 7, 2007,
appellants filed their Response to Plaintiff=s Motion Regarding
Disbursement of Funds and Plea to the Jurisdiction.  Appellants argued the
trial court did not have subject matter jurisdiction over the dispute, but did
not contest the trial court=s personal jurisdiction over them.  On
August 10, 2007, the trial court ordered Turel to deposit the settlement funds
remaining after the payment of Deng=s medical
expenses, $10,650.39, into the registry of the court.  That same day, the trial
court ordered the distribution of $9,895.08 of the settlement funds to Deng and
$755.31 to appellants as reimbursement for the costs and expenses appellants
incurred in their handling of appellees= lawsuit.  After
the trial court entered its order dispersing the settlement funds, appellants
filed their request for findings of fact and conclusions of law and later a
notice of past due findings of fact and conclusions of law.  The trial court
never entered the requested findings of fact and conclusions of law.  On
September 26, 2007 the trial court granted appellees= motion to nonsuit
their claims with prejudice.  This appeal followed.

Discussion

Appellants raise three issues on appeal.  In their first
issue, appellants contend the Ajudgment@ entered against
them is void because they were never served with process.  In their second
issue, appellants assert the trial court erred by not making findings of fact
and conclusions of law.  In their third and final issue, appellants argue the
trial court=s judgment is void because the trial court did not
have subject matter jurisdiction.  Because it raises subject matter
jurisdiction, we address appellants= third issue
first.

A.      The Trial
Court Had Subject Matter Jurisdiction Over the Dispute

In their reply brief, appellants argue the trial court=s August 10, 2007
order dispersing the settlement funds is void because the trial court did not
have subject matter jurisdiction.  We disagree.








Initially, we must address the fact appellants raised this
issue for the first time in their reply brief.  Ordinarily, pursuant to Rule
38.3 of the Texas Rules of Appellate Procedure, a party cannot raise a new
issue for the first time in a reply brief.  Tex. R. App. P. 38.3.  However, because subject matter
jurisdiction cannot be waived by the parties, we hold Rule 38.3 does not
preclude appellants from challenging the trial court=s subject matter
jurisdiction for the first time in their reply brief.  See Texas Ass=n of Business v.
Texas Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993) (ASubject matter
jurisdiction is an issue that may be raised for the first time on appeal; it
may not be waived by the parties.@).

In this case, appellants had notified defendant/appellee
Turel they had a claim to Deng=s settlement funds.  All attempts to
negotiate a resolution of the dispute failed.  Because all efforts to negotiate
a resolution of the dispute were unsuccessful, Turel tendered the settlement
funds into the registry of the trial court and asked the trial court to resolve
the dispute.   Trial courts always have quasi in rem jurisdiction to determine
who owns funds tendered into the court=s registry.  Madeksho
v. Abraham, Watkins, Nichols & Friend, 112 S.W.3d 679, 686 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied) (citing Bryant v. United Shortline, Inc., 972
S.W.2d 26, 29 (Tex. 1993)).  Funds on deposit in the registry of a trial court
are always subject to the control and order of the trial court and that court
enjoys great latitude in dealing with them.  Burns v. Bishop, 48 S.W.3d
459, 467 (Tex. App.CHouston [14th Dist.] 2001, no pet.). 
Because the trial court had subject matter jurisdiction, we overrule appellants= third issue.

B.      Appellants
Waived Any Objection to Personal Jurisdiction

In their first issue on appeal, appellants contend the
trial court=s August 10, 2007 order dispersing the settlement
funds is void because the trial court had not acquired personal jurisdiction
over them because they were never served with process.  Once again, we
disagree.








Appellants contend that since they were not parties to the
underlying personal injury suit, and they were not served with process when
Turel filed his interpleader action, the trial court never acquired personal
jurisdiction over them.  Ordinarily, a judgment cannot be rendered against one
who was neither named nor served as a party defendant.  Werner v. Colwell,
909 S.W.2d 866, 869 (Tex. 1995).  This is also true for a party who becomes
aware of the proceedings without proper service of process.  Ross v. National
Center for the Employment of the Disabled, 197 S.W.3d 795, 797 (Tex.
2006).  However, an exception exists when a person waives service of process by
making a general appearance before the court.  Werner, 909 S.W.2d at 869B70.  When a party
generally appears, the trial court can exercise jurisdiction over the party
without violating the party=s due process rights.  See Kawasaki
Steel Corp. v. Middleton, 699 S.W.2d 199, 201 (Tex. 1985).  A party makes a
general appearance by  filing an answer without challenging personal
jurisdiction.  Von Briesen, Prutell & Roper, S.C. v. French, 78
S.W.3d 570, 575 (Tex. App.CAmarillo 2002, pet. dism=d w.o.j.).  In
addition, an appearance to contest lack of service and subsequent participation
in the proceedings constitutes a general appearance.  Morales v. Morales,
195 S.W.3d 188, 191 (Tex. App.CSan Antonio 2006, pet. denied); Houston
Crushed Concrete, Inc. v. Concrete Recycling Corp., 879 S.W.2d 258, 260B61 (Tex. App.CHouston [14th Dist.]
1994, no writ).

Here, appellants, without challenging the personal
jurisdiction of the trial court, filed their response to Turel=s motion regarding
disbursement of funds and a plea challenging the trial court=s subject matter
jurisdiction over the dispute.  In addition, appellants, through their counsel
Jamal Asafi, appeared at the hearing on Turel=s motion to
disburse funds and again only objected to the trial court=s subject matter
jurisdiction.  These actions by appellants constitute a general appearance
subjecting them to the trial court=s jurisdiction.  See
Royal Palms Corp. v. A. Minella Plumbing Supplies, Inc., 355 S.W.2d 585,
587 (Tex. Civ. App.CHouston 1962, no writ) (holding all
parties named in an interpleader action who filed an answer were properly
before the court even though citations were not served).  We overrule
appellants= first issue.

C.      Appellants
Were Not Harmed By the Trial Court=s Failure to Enter
Findings of Fact and Conclusions of Law








In their second issue, appellants allege the trial court
reversibly erred by refusing to make findings of fact and conclusions of law. 
Rule 296 of the Texas Rules of Civil Procedure provides that Ain any case tried
in the district or county court without a jury, any party may request the court
to state in writing its findings of fact and conclusions of law.@  General
Electric Capital Corp. v. ICO, Inc., 230 S.W.3d 702, 710 (Tex. App.CHouston [14th
Dist.] 2007, pet. denied) (quoting Tex. R. Civ. P. 296).  Rule 296 gives a party a right to findings of fact
and conclusions of law after a conventional trial on the merits before the
court.  Id. at 710B11.  In other cases, findings of fact and
conclusions of law are proper but a party is not entitled to them.  Id. 
A case is Atried@ when a court holds an evidentiary
hearing.  Id. at 711.  If findings of fact and conclusions of law are
properly requested, the trial court has a mandatory duty to file findings and
conclusions.  Zieba v. Martin, 928 S.W.2d 782, 786 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  The trial court=s failure to
comply with a proper request to prepare and file findings of fact and
conclusions of law is presumed harmful, unless the record affirmatively shows
the complaining party suffered no injury.  Id.  The test for harm is
whether the circumstances of the case require an appellant to guess the reason
for the court=s ruling.  Goggins v. Leo, 849 S.W.2d 373, 379
(Tex. App.CHouston [14th Dist.] 1993, no writ).  In other words,
the issue is whether the appellant was prevented from properly presenting his
case on appeal.  Id.  The proper remedy when this occurs is to abate the
appeal and direct the trial court to correct its error.  Cherne Indus., Inc.
v. Magallanes, 763 S.W.2d 768, 773 (Tex. 1989).








Assuming without deciding the trial court in this case had
a mandatory duty to file findings of fact and conclusions of law, its failure
to do so was harmless because the appellate record affirmatively shows
appellants have suffered no injury.  In this appeal, appellants have raised
only two substantive issues, one challenging the trial court=s personal
jurisdiction, the other the trial court=s subject matter
jurisdiction.  None challenge the trial court=s August 10, 2007
order on the merits.  In their first issue, appellants= challenged the trial
court=s assertion of
personal jurisdiction over them.  Appellants did not raise this issue before
the trial court, therefore,  even if the trial court had entered findings of
fact and conclusions of law, none would have focused on personal jurisdiction. 
In addition, because there is only one basis for the trial court=s subject matter
jurisdiction over the dispute, the deposit of the contested settlement funds
into the trial court=s registry, appellants are not required to
guess as to the reason for the court=s action. Because
appellants have not been prevented from properly  presenting their issues on appeal,
they have not been harmed as a result of the trial court=s failure to enter
findings of fact and conclusions of law.  We overrule appellants= second issue on
appeal.

Conclusion

Having overruled all of appellants= issues, we affirm
the trial court=s August 10, 2007 order.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Panel consists of
Justices Anderson, Frost and Hudson.[2]

 

 

 

 









[1]  Ma=s claim was
also settled, however, the entire amount was used to pay Ma=s medical expenses. 





[2]  Senior Justice Harvey Hudson sitting by assignment.