John H. ANDERSON, d/b/a John H. Anderson Masonry, Appellant,

v.

David F. CLAYTON et al., Appellees.

No. 18098.

Court of Civil Appeals of Texas, Dallas.

May 10, 1973.

Blair D. Dishman, Jr., Stanford & Dunaway, Dallas, for appellant.

Royal H. Brin, Jr., Frank L. Skillern, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

BATEMAN, Justice.

The question here is whether the plaintiff subcontractor gave timely notice of his claim to establish liability of the surety on a payment bond given by the general contractor on private work pursuant to Article 5472d.* Anderson sued the general contractor, David F. Clayton, and the surety, National Surety Corporation, Fireman's Fund American Insurance Companies, but later nonsuited Clayton, who had been adjudicated a bankrupt, and proceeded against the surety.

All of the facts were stipulated. It was agreed, *inter alia*, that December 1968 was the last month in which labor was performed or material delivered by Anderson; that the first notice given to the surety of his unpaid claim was given in June 1969; and that Anderson filed a lien affidavit with the County Clerk in June 1969. The trial court found that he had failed to comply with the notice requirements of the appropriate statutes and rendered judgment that he take nothing. We affirm.

As pointed out in Trinity Universal Ins. Co. v. Palmer, 412 S.W.2d 691, 694 (Tex.Civ.App., San Antonio 1967, writ ref'd n. r. e.), there are only two methods of perfecting a claim against such a bond; i. e., as provided in Paragraph 4 of Article 5472d, either by complying with the provisions of Article 5453 for fixing a lien on the property or by "giving to the original contractor all applicable notices of claims required by Article 5453; and, *in addition thereto,* by giving to the corporate surety, in lieu of to the owner, all notices therein required to be given to the owner; * * *." (Italics ours.) There is no other way to establish liability of the surety, and subparagraph 4–b of Article 5472d provides that the said time and manner of giving such notices "shall be conditions of a valid claim" under the article.

For Anderson's claim against the surety to be valid under Article 5453 he must have done at least the following:

1. File a lien affidavit with the County Clerk not later than 90 days after the accrual of the indebtedness (as defined in Article 5467, which in this case was the 10th day of the month next following the last month in which labor was performed or material furnished, or January 10, 1969), and

2. Give written notice of the unpaid balance of the claim to the owner not later than 90 days after the said date of January 10, 1969, or by April 10, 1969.

He did neither of them, and Paragraph 2 of Article 5453 provides that compliance with the notice requirements therein set forth "shall be conditions precedent to the validity of such claims."

* All references to Articles are to Vernon's Texas Revised Civil Statutes.

■ The parties also stipulated that the building sustained substantial storm damage in December 1968, and that Anderson and Clayton agreed that Anderson would not request payment from Clayton for the work done in December until Clayton determined the extent of the damage and his insurer's intentions as to reconstruction costs; also that Anderson did not bill or request payment until March 25, 1969. He argues that the accrual date was thus extended to March, and cites Royal Palms Corporation v. A. Minella Plumbing Supplies, Inc., 355 S.W.2d 585 (Tex.Civ.App., Houston 1962, no writ) as holding that such an agreement extends the time for filing a lien against the owner's property. That case, however, was decided under Article 5467, as it was prior to its amendment in 1961. It provided that indebtedness for material furnished "accrued" at the date of the last delivery "unless there is an agreement to pay for such material at a specified time." No such provision as the one just quoted is found in the amended Article 5467, which was in effect at the times here involved.

■ Anderson argues that Clayton's application for payment dated January 2, 1969 was sufficient notice of Anderson's claim because in the list of items for which payment was requested appears the word "Masonry" followed by certain figures. It was stipulated that the certificate for payment, signed by the architect and dated January 3, 1969, was delivered to the owner within ten days thereafter. This was not the "notice to owner" required by Paragraph 2b.(1) of Article 5453. Neither the request for payment nor the certificate for payment even purports to be a notice of "the unpaid balance" of a claim by Anderson. Moreover, neither of them was given by Anderson or even mentions his name.

We find no reversible error and the judgment is affirmed.