**AMERICAN INDEMNITY COMPANY, Appellant,**

v.

**DA–COL PAINT MANUFACTURING COMPANY, Appellee.**

**No. 18274.**

Court of Civil Appeals of Texas, Dallas.

April 11, 1974.

Rehearing Denied May 9, 1974.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellant.

Edward S. Koppman, Ungerman, Hill, Ungerman, Angrist, Dolginoff & Teofan, Dallas, for appellee.

GUITTARD, Justice.

This suit was brought against the surety on an original contractor's bond by a materialman who had supplied paint to a subcontractor on an apartment project. Our questions are: (1) whether the requirement of the Hardeman Act that notice be sent to the original contractor[1] is rendered inapplicable by the sham-contractor statute[2] in view of the jury's finding that the owners could have effectively controlled the affairs of the original contractor through ownership of voting stock or otherwise, and (2) if such a notice is required, whether that requirement is satisfied by sending a copy of the notice to one of the owners of the property who is also an officer and major stockholder of the corporate original contractor, but without addressing the notice to the corporation or to the owner in his capacity as officer of the corporation. We hold that the notice requirement was applicable and that the notice addressed to the owner in his individual capacity was not sufficient. Accordingly, we reverse the judgment for the materialman and render judgment in favor of the surety.

*Necessity of notice*

We consider first the defendant surety's first and sixth points of error, which assert that notice by a materialman to the original contractor is required notwithstanding applicability of the sham-contractor statute. These points are sustained.

1. Tex.Rev.Civ.Stat.Ann. arts. 5453(2)(b)(1) and 5472d(4)(a) (Vernon Supp.1974). All statutory references in this opinion are to Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1974).

2. Article 5452–1.

3. The method of fixing a lien on the property of the owner is prescribed by article 5453, which provides in subparagraph 2(b)(1), as follows:

The original contractor, Pala, Inc., entered into a contract to construct the apartment project for Shiloh Terrace Apartments, a partnership composed of Homer Caston, G. C. Butler and J. E. Andrews. Caston and Butler owned substantially all of the stock of Pala, Inc. The bond sued on was executed by Pala as principal and defendant American Indemnity Company as surety to secure the partnership against claims for labor and material. Although its sufficiency as a statutory bond is questioned, we shall treat it as sufficient to protect materialmen who have given the notices required by article 5472d.

Plaintiff Da-Col Paint Manufacturing Company furnished paint to C. Hayman Construction Company, which used it in performing a subcontract with Pala, Inc. Da-Col's deliveries to Hayman amounted to $3,687.42 in September 1969 and $6,341.11 in October 1969. Da-Col gave no notice to anyone until November 26, 1969, when its attorney sent notice by certified mail to the owner, Shiloh Terrace Apartments, and on the same day sent copies to various parties, including Homer Caston, one of the partners in Shiloh Terrace Apartments and president of Pala, Inc. Defendant surety concedes that the notice to Shiloh Terrace Apartments was sufficient to comply with the statutory requirement that notice be given to the owner within ninety days after the tenth day of the month following each of the months in which the material was delivered, but contends that no proof was made of notice to Pala, Inc., the original contractor, within thirty-six days after the tenth day of the month following each of the months in which the materials were delivered, as required by the same statutes.[3] Notice to

Where the claim consists of a lien claim arising from a debt incurred by a subcontractor, the claimant shall give written notice of the unpaid balance of such claim to the original contractor not later than thirty-six (36) days after the tenth (10th) day of the month next following each month in which claimant's labor was done or performed in whole or in part or his material delivered in whole or in part; and claimant

Pala, Inc., on November 26, if proved, would have been timely with respect to the October deliveries, since it would have been made within thirty-six days after the tenth day of the month following the month in which those deliveries were made, but it would not have been timely with respect to the September deliveries.

Plaintiff Da-Col contends that since the jury found on sufficient evidence that the owner, Shiloh Terrace Apartments, could have effectively controlled Pala through stock ownership or otherwise, the subcontractor Hayman must be treated as an original contractor under the sham-contractor statute, article 5452–1(1), which provides:

> Whenever any owner of real property shall enter into any contract with a corporation for the construction or repair of any house, building or improvements thereon, and said owner can effectively control the corporation with whom such contract is made, through the ownership of voting stock therein, interlocking directorships or otherwise . . . then . . . any person, firm or corporation who, under a direct contractual relationship with said . . . corporation and who may . . . furnish labor or material to be used in the prosecution of the work under such contract shall be deemed to be in a direct contractual relationship with the owner and may perfect his lien against the property in the same manner as any other original contractor.

Da-Col's theory is that this statute requires Hayman to be treated as an original

contractor *for notice purposes* and that no notice to the original contractor is necessary because of subparagraph 2(b)(2) of article 5453, which provides:

> Where the claim consists of a lien claim arising from a debt incurred by the original contractor, no such notice need be given to the contractor but notice to the owner, as prescribed in paragraph 2b(1) of this Article will be sufficient.

■■■ We conclude that this provision is not made applicable to this case by the sham-contractor statute. The purpose of requiring notice to the original contractor is to keep him advised of unpaid bills of his subcontractors so that he can protect himself against paying twice for the same materials. Youngblood, Mechanics' and Materialmen's Liens in Texas, 26 S.W.L.J. 665, 706 (1972). If he pays a subcontractor who has bills outstanding to materialmen, he may be liable to pay for the same materials again if the materialmen perfect their claims against the owner or against the original contractor himself on his bond. Although the original contractor is not expressly authorized by the statute to withhold payment, presumably he is in a position to insist that outstanding materialmen's claims be paid before settling with his subcontractors. This problem does not arise when the materialman's claim is a debt incurred directly by the original contractor. In that case he is not exposed to double liability and he is deemed to have notice of his own debts. Consequently, notice to the original contractor is superfluous and the above-quoted language of

shall give a like notice to owner not later than ninety (90) days after the tenth (10th) day of the month next following each month in which the claimant's labor was done or performed in whole or in part or his material delivered in whole or in part.

The method of fixing a claim on the original contractor's bond is prescribed by article 5472d(4), as follows:

A claim to be enforceable against the bond may be perfected either in the manner prescribed for fixing and securing a lien

by Article 5453 hereof, or in the following manner: a. By giving to the original contractor all applicable notices of claims required by Article 5453; and, in addition thereto, by giving to the corporate surety, in lieu of to the owner, all notices therein required to be given to the owner . . . b. The time and manner of giving notices for claims under subparagraph 4–a of this Article shall be conditions of a valid claim thereunder . . .

subparagraph 2(b)(2) of article 5453, expressly dispenses with it.

This rationale has no application to a claim against a subcontractor, regardless of whether the original contractor is subject to control of the owner within the sham-contractor statute. The purpose of that statute is to protect persons dealing with a sham original contractor by giving them the same rights against the owner as if their contracts had been made directly with the owner. A materialman, such as Da-Col, who has no direct relationship with the sham contractor but only supplies material to a subcontractor, is not affected by the relationship between the original contractor and the owner. He is protected by the lien and bond statutes, articles 5452 and 5472d, to the same extent as if the original contractor were completely independent, but he is still required to give the original contractor the notice required by subparagraph 2(b)(1) of article 5453 in order to recover on the original contractor's bond.

Moreover, the jury's finding does not establish that Hayman was the only original contractor. Hayman would be only one of several original contractors, in any event. Pala, Inc., would still be an original contractor so far as concerns Da-Col and its claim on Pala's bond. The protection of an original contractor's bond extends only to claimants furnishing labor and materials to that contractor or his subcontractors. It does not extend to claimants who have furnished labor or materials to a *different* original contractor. Fidelity & Deposit Co. v. Felker, 469 S.W.2d 389 (Tex.1971); Trinity Universal Ins. Co. v. Barlite, 435 S.W.2d 849 (Tex.1968). Under these decisions, treating Hayman as an original contractor would not afford Hayman's materialmen a claim against Pala's bond. The only theory upon which their claims against Hayman may be asserted against Pala's bond is to treat Hayman as a subcontractor of Pala, since Pala's surety agreed to stand good only for the obliga-

tions of Pala and its subcontractors, not for those of other original contractors. Consequently, neither the sham-contractor statute nor subparagraph 2(b)(2) of article 5453 dispenses with notice to Pala as a necessary condition to validity of a claim against Pala and the surety on its bond.

### Sufficiency of notice

Defendant surety's second point of error challenges the sufficiency of the notice to the original contractor. This point also is sustained. It will be recalled that Da-Col delivered the materials to Hayman in September and October and the only notice was mailed on November 26. Thus notice to Pala, Inc., on that date would have been timely with respect to the October deliveries, but not with respect to the September deliveries. Accordingly, we must determine whether notice was given to Pala on November 26.

The only evidence of mailing the notice was given by one of Da-Col's attorneys. He testified that he sent the original of the notice by certified mail to the owner, Shiloh Terrace Apartments, on November 26, 1969, and that on the same day he mailed copies to the subcontractor C. Hayman Construction Company, to Pala's surety American Indemnity Company, and to Homer Caston, G. C. Butler and J. E. Andrews, the partners in Shiloh Terrace Apartments. The attorney did not testify that the copies were sent by certified mail, nor did he say that a copy was sent to Pala, Inc., or to anyone addressed as an officer of Pala, Inc. The copy of the notice that was introduced in evidence does not list Pala, Inc., as one of the addressees to whom copies were sent. The original notice was addressed to Shiloh Terrace Apartments at 404 Chestnut Street, Bonham, Texas. This address is shown to be the law office of G. C. Butler, a forty-five-percent partner in Shiloh Terrace Apartments and forty-nine-percent shareowner and secretary-treasurer of Pala, Inc. According to Butler's testimony, Pala's office was at 410 Chestnut Street in Bonham,

which was separated from his law office by a parking lot. There is no evidence that Butler personally received the notice, but Homer Caston, also a forty-five-percent partner in Shiloh Terrace and a fifty-percent stockholder and president of Pala admitted on the witness stand that he had received a copy of the letter addressed to him individually at his law office in Sherman, Texas. Da-Col argues that this evidence shows actual and timely receipt of the notice by Pala and cites cases such as City of Fort Worth v. Pippen, 439 S.W.2d 660 (Tex.1969), holding that a corporation is bound by constructive notice of facts known to its officers in handling a transaction for the corporation.

■ We do not agree that constructive notice or even actual knowledge by the original contractor of the unpaid balance of the claim satisfies the requirement of the statute. Article 5453 requires specific written notice to the original contractor, and subparagraph 4(b) of article 5472d makes the time and manner of such notice conditions of a valid claim against the original contractor's bond. *See* Anderson v. Clayton, 494 S.W.2d 650 (Tex.Civ.App. —Dallas 1973, no writ). Such a notice advises him that a claim is being made against him and his surety and gives him an opportunity to protect himself accordingly. The same result is not accomplished by mailing notice of the claim to one of the members of the owning partnership who also happens to be an officer of the corporate original contractor because such a notice does not advise him that a claim is being made against the corporation. The notice is not received by him in his capacity as an officer of the corporation unless he is addressed in that capacity or unless he re-

ceives a notice addressed to the corporation, particularly if he has an individual interest in the matter to which the notice may be pertinent. Therefore, it does not satisfy the statutory requirement of notice to the corporation.[4]

For the reasons stated we sustain American Indemnity's first, second and sixth points and do not reach the other points of error. Accordingly, the judgment of the trial court is reversed and judgment is rendered that plaintiff Da-Col take nothing against defendant American Indemnity Company.

4. We do not pass on the question of whether in view of the owner's control of the original contractor, the notice to the owner was equivalent to notice to the original contractor under the sham-contractor statute, article 5452–1, since that question has not been presented to us either in the briefs or in oral argument. That question would affect only the October deliveries and is distinct from the

question considered in the first part of this opinion as to whether subparagraph 2(b)(2) of article 5453 dispenses with notice to an original contractor subject to the owner's control and leaves only the requirement of notice to the owner within ninety days after the tenth day of the month following the month in which material was delivered.