**BARKER & BRATTON STEEL WORKS, INC., Appellant,**

v.

**The NORTH RIVER INSURANCE CO., Appellee.**

**No. 18907.**

Court of Civil Appeals of Texas, Dallas.

July 22, 1976.

Rehearing Denied Aug. 19, 1976.

Milam L. R. Wade, Dallas, for appellant.

Paul D. Schoonover, Vial, Hamilton, Koch, Tubb, Know & Stradley, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Barker & Bratton Steel Works, Inc., a steel fabricator, brought this action against Concrete Structures Company, a general contractor, and its surety, North River Insurance Company, for a balance due in the sum of $25,322.14 for materials supplied. North River answered and filed its motion for summary judgment in which it admitted liability for the sum of $232.04 which was paid into the registry of the court and requested the court to sever the cause of action against it from the other defendant. The trial court sustained the motion for summary judgment, awarded the sum of $232.04 to Barker & Bratton, denied any further relief against the surety, and ordered a severance. Barker & Bratton appeal this limited judgment alleging that a genuine issue of material fact exists that it is entitled to a trial on the merits of this larger claim against the surety on the payment bond. We affirm the judgment.

The steel fabricator entered into a subcontract with the general contractor to supply certain materials for a project to construct "mini-warehouses." It asserts claims of entitlement to moneys from the general contractor surety on the theory that it has a materialman's lien. It not only admits that it did not timely file the affidavits required by Tex.Rev.Civ.Stat. Ann. art. 5453 (Vernon Supp.1975) but also admits that it did not give notice to the surety as alternatively provided in Tex.Rev. Civ.Stat.Ann. art. 5472d (Vernon Supp. 1975). Since it has failed to comply with the statutory requirements there is no lien on the property, and, therefore, no claim against the payment bond as provided by the above statutes. *Anderson v. Clayton,* 494 S.W.2d 650 (Tex.Civ.App.-Dallas 1973, no writ).

However, appellant contends that it is entitled to payment by the surety on the payment bond on a theory of waiver by the owner and general contractor of any defect in the mechanic's lien affidavit or the timely filing thereof. In opposition to the motion for summary judgment the steel fabricator filed summary-judgment evidence in

the form of affidavits from its officers relating to conversations between them and Dan Swihart, a partner in the general contracting firm. These affidavits assert that Swihart came to the steel fabricator's offices two months after the delivery of the material in question but before the lien affidavit was due or filed and said: "The bonding company has agreed to pay Barker & Bratton's claim in full immediately and I am on my way to the bonding company's office to pick up the check. I want you to deliver the balance of the metal roof decking on the job site this afternoon so that my man can get to work on it first thing in the morning." The reply from appellant's officer was: "We will be glad to deliver the material to your job site within a couple of hours just as soon as you get back from picking up the check at the bonding company and delivering it to us." Swihart is then alleged to have replied: "Are you telling me I am lying to you?" The reply was: "No, sir; I am only using sound business judgment; and I must remind you that this account has been owing to this company for a year and we have had numerous promises of payment but have not received any money to date." Swihart's reply: "I'll get you your check and bring it in here and lay it on your desk." The summary-judgment evidence reveals that Swihart did not return with the check. Further, the evidence contains conversations between the steel fabricator's officials and the president of the owner of the "mini-warehouses." These conversations pertain to negotiations between the owner and investment companies in Florida and Dallas and contain assurances that the steel fabricator's claim would be fully protected by a payment bond.

Appellant relies upon the evidence related above to show that the owner and general contractor waived any defect as to the timely filing of the mechanic's lien affidavit. The surety urges that the conversations do not constitute a waiver of anyone's rights under the mechanic's lien statute and alternatively that the owner or contractor cannot waive the surety's rights.

▬▬ We find no waiver even if the affidavits filed in opposition to the motion for summary judgment are taken as true. The conversations described therein do not indicate waiver by the owner or general contractor. A waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right. *Praetorians v. Strickland,* 66 S.W.2d 686 (Tex.Comm'n App.1933, jdgmt. adopted). There is no summary-judgment evidence of an intentional relinquishment of rights or of conduct warranting an inference of such relinquishment of rights of the owner, contractor or surety company.

We find it unnecessary to pass on the surety company's argument that the owner or contractor cannot waive the rights of the surety.

The judgment of the trial court is affirmed.

Affirmed.